## J. W. ROGERS v. G. W. McMILION.

Decided May 1, 1909.

**1.—Appeal from Justice Court—Jurisdiction—Evidence.**

In an appeal from a Justice to a County Court the transcript showed that the suit was "upon debt for $198," and the citation issued out of the Justice Court commanded the defendant to answer the suit of plaintiff "for the sum of

$198 due upon account." Held, it thus affirmatively appearing that the County Court had jurisdiction, such jurisdiction could not be defeated or affected by an agreement found in the record and signed by both parties that the suit was upon a certain account, the aggregate of the items of which exceeded $200, there being nothing in the transcript to show that such account was ever filed in the Justice or County Court.

### 2.—Appeal—Fundamental Error.

Where a trial court erroneously dismisses a cause for the want of jurisdiction, it is such fundamental error as will require a Court of Civil Appeals to take cognizance thereof and reverse the judgment although appellant filed no brief.

Appeal from the County Court of Deaf Smith County. Tried below before Hon. W. H. Russell.

*S. J. Dodson,* for appellant.

*Barcus & North* and *Knight & Slaton,* for appellee.

SPEER, ASSOCIATE JUSTICE.—J. W. Rogers instituted this suit in the Justice's Court of precinct number one, Deaf Smith County, against G. W. McMilion, and there recovered a judgment in the sum of twenty-eight dollars and sixty-two cents, from which an appeal was taken to the County Court, where, upon the verdict of the jury, a judgment was rendered in plaintiff's favor for the sum of seventy-eight dollars and eighty cents. Upon a motion of defendant to set aside this judgment the County Court made an order dismissing the cause for the reason "that the Justice's Court from which said cause was appealed did not have jurisdiction of the amount in controversy." From this latter judgment the plaintiff has appealed.

Neither party has filed a brief in this court, but there is in the record an agreement, signed by counsel for both parties, that the only question presented is one of jurisdiction, and a copy of the account sued on is fully set out in such agreement. By an inspection of this account it appears that the aggregate of the items sued for, less the admitted credit of eighty-five dollars, exceeds two hundred dollars, the maximum jurisdiction of a justice of the peace under our Constitution; but the difficulty with this agreement is that it finds no support in the record. There is absolutely nothing in the transcript to show that such an account was ever filed in the Justice's Court or in the County Court, and the transcript can not be thus contradicted or even augmented by the agreement of the parties. The transcript from the Justice's Court to the County Court shows that the suit was "upon debt for one hundred and ninety-eight dollars," and the citation issued out of the Justice's Court commanded the defendant to answer the suit of plaintiff, reciting that the plaintiff's demand was "for the sum of one hundred and ninety-eight dollars due upon account." So that, as the record presents the question to us, the County Court did have appellate jurisdiction, and therefore erred in entering the order of dismissal upon the grounds stated. This is such error "apparent of record" as calls for a reversal of the case, notwithstanding appellant has filed no briefs in this court.

*Reversed and remanded.*