CHICAGO, ROCK ISLAND & GULF RAILWAY COMPANY v. LAURA WILSON.

Decided December 4, 1909.

**1.—Railroads—Fencing Track—Statute Construed.**

The obvious purpose of article 4427, Sayles' Civil Statutes, is to afford the owner of an enclosure through which a railroad passes, easy access to and from the segregated portions of the enclosures; and where openings are made in the right of way fences for the owner's exclusive benefit, the duty devolves upon him to keep the gates closed.

**2.—Same.**

A railroad company built gates in its right of way fence within an enclosure to afford a passage across its track for the convenience of the owner of the enclosure; afterwards the owner opened a lane from one of the gates to a public road, there being no gate across said lane at the end on the road. Held, the gate in the right of way fence at the end of the lane next to the railroad track was not within an enclosure within the meaning of the statute.

Appeal from the County Court of Wise County. Tried below before Hon. C. W. Terrell.

*N. H. Lassiter, Robert Harrison* and *T. J. McMurray,* for appellant. —The special charge is a correct statement of the law as applicable to this case, and should have been given. Missouri, K. & T. Ry. Co. v. Hanacek, 93 Texas, 446; St. Louis S. W. Ry. Co. v. Adams, 24 Texas Civ. App., 231.

The court erred in overruling defendant's motion for a new trial, because the verdict of the jury was contrary to the law and the evidence and unsupported by the evidence, in that the evidence fails to show negligence on the part of the train crew proximately causing the injury, and the evidence did show that the animals were at large contrary to the law, and that the defendant's railroad track was properly fenced at the point where the stock were injured. Red River, T. & S. Ry. Co. v. Dooley, 35 Texas Civ. App., 364; Missouri, K. & T. Ry. Co. v. Russell, 43 S. W., 576; Missouri, K. & T. Ry. Co. v. Coleman, 46 S. W., 371.

*R. E. Carswell* and *Trabue Carswell,* for appellee.—The special charge asked was not applicable to the case made, and was properly refused: First, because the pleadings of appellant do not charge the facts showing the gate through which the animals entered the right of way. was one required or permitted. by law; secondly, because the evidence does not show that the right-of-way fence in which the gate was placed divided an enclosure, and hence was required by law for the use of the owner of the enclosure; thirdly, because the evidence conclusively shows that the right of way where the gate appeared was open to the public road, and the gate was permitted to stay open for a long time, affording the public no protection, hence the right of way was not in law fenced. Texas Central Ry. Co. v. Pruitt, 49 Texas Civ. App., 370; Texas Central Ry. Co. v. Pruitt, 101 Texas, 548; Rev. Stats., art. 4427; Texas & P. Ry. Co. v. Webb, 102 Texas, 210; Texas & P. Ry. Co. v. Corn, 102 Texas, 194; Texas Central Ry. Co. v. Wills, 116 S. W., 145.

The existence or non-existence of the stock law in Wise County was wholly immaterial, and the motion for new trial was properly overruled. Texas & P. Ry. Co. v. Webb, 102 Texas, 210.

OPINION ON REHEARING.

SPEER, ASSOCIATE JUSTICE.—On the original hearing we affirmed this case on the authority of Texas Central Railroad Company v. Pruitt, 101 Texas, 548, stating in our conclusions that: "The injury (killing of live stock) occurred at a point where gates had been placed by the railway company across a lane, the other end of which was open, and there is nothing in the record to show that the company could not fence its road at this point, or even that it was required to place a gate at such place. Under such circumstances, the animals having entered through the open gate, the company is liable even without proof of negligence." A re-examination of the record con-

vinces us that this conclusion was erroneous. The evidence indicates that at the time the railroad was built it divided an enclosure, and the gate in question was placed there for the benefit of the owner of such enclosure. The lane referred to appears to have been built long afterward by the present owner of the farm. There is, then, in the record that which shows it to have been the duty of the railroad company to leave an opening in its right of way through this enclosure, and under numerous decisions it became the duty of the person for whose benefit such gate was erected to keep it closed. (Missouri, K. & T. Ry. v. Hanacek, 23 Texas Civ. App., 394, 93 Texas, 446; Texas & P. Ry. Co. v. Corn, 102 Texas, 194; Texas & P. Ry. Co. v. Webb, 102 Texas, 201; Missouri, K. & T. Ry. Co. of Texas v. Davis, 54 Texas Civ. App., 516; Missouri, K. & T. Ry. Co. of Texas v. Butler, 121 S. W., 176.) Appellee's animals strayed from her enclosure through this gate on to appellant's right of way and were killed.

Appellant requested the following charge: "The defendant requests the court to charge the jury that if they find from the evidence that the stock of the plaintiff were killed on defendant's railroad by being struck by any of its trains, but also find that the defendant had fenced its right of way on each side of the track, and that for the benefit of the land-owner a gate was placed in the right of way, and the company had no use for the gate, but it was used exclusively for the use of the land-owner, and find that the stock of plaintiff were put in her pasture on the night they were killed, and that they escaped and wandered on to the right of way of defendant company and were killed by one of its trains, you will find for the defendant company unless you find defendant's servants in charge of the train did not use ordinary care to prevent striking stock on its track." This was a fair presentation of an issue not otherwise submitted, and the charge ought to have been given.

For the error of the court in refusing it, the judgment of the court is reversed and the cause remanded.

### OPINION ON APPELLEE'S MOTION FOR REHEARING.

Upon further consideration of this appeal, we have concluded that the trial court did not err in refusing the requested instruction, for which we formerly reversed and remanded the case. Article 4427, Sayles' Texas Civil Statutes, is as follows: "All railway corporations in this State which have [fenced] or which may hereafter fence their right of way, may be required to make openings or crossings through their fence and over their roadbed along their right of way every one and one-half miles thereof; provided, that if such fence shall divide any inclosure that at least one opening shall be made in said fence within such inclosure." The obvious purpose of this statute is to afford the owner of such divided inclosure easy access to and from the segregated portions of his inclosure, and where such openings are made for the owner's exclusive benefit, it is but just that he should bear the burden of keeping the gates shut. But in the present case, as will be seen from our statement in the former opinion, the gate constructed

by appellant is not "within" an inclosure at all, but is at a point at the end of an open lane which is literally and to all intents and purposes in the outside fence of such inclosure. In that case the right of way at such a point is exposed to all the hazards of trespassing stock, and the public is as much entitled to demand the protection of a fence as at any other point not actually within an inclosure. The statute quoted does not seem to contemplate that an owner, whose inclosure was divided by a line of railway, would be entitled to demand an opening in the right-of-way fence except at some point within his inclosure. If the owner then is not entitled to demand such opening, clearly the railway company is not required to make it and its doing so would not relieve it of the duty imposed by law to fence its track. We are not forgetful of the fact that the open lane was constructed by appellee after the gate in question had been put in by appellant, and that, therefore, appellant at the time was under the legal obligation of putting in such gate because its line actually divided, and the opening was placed within an inclosure. But upon appellee's exposing this opening to the crossing and thus jeopardizing the interests of the public, the appellant could no longer defend an injury by pleading that such opening was maintained in obedience to the statute quoted. It was not error, therefore, to refuse the requested charge heretofore set out, which in effect assumed that the gate in controversy was within an enclosure.

Appellee's rehearing is therefore granted, and the judgment of the county court is affirmed.

*Affirmed.*