INTERNATIONAL & G. N. RY. CO. v. HUMPHREY. (No. 5379.)

(Court of Civil Appeals of Texas. Austin. May 20, 1914.)

RAILROADS (§ 413*)—INJURIES TO ANIMALS ON TRACKS—LIABILITY.

Where a railroad company whose line separated the farms of relatives established gates so as to afford access between the two farms which were separate inclosures belonging to different owners, it was the duty of the company to exercise proper care to keep the gate closed; hence one whose mule strayed through the open gate and was killed on the right of way may recover from the railroad company.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 1459–1472; Dec. Dig. § 413.*]

Appeal from Williamson County Court; Richard Critz, Judge.

Action by F. C. Humphrey against the International & Great Northern Railway Company. From a judgment for plaintiff, defendant appeals. Affirmed.

Fisher & Fisher and Robert L. Thompson, all of Austin, and Wilson, Dabney & King, of Houston, for appellant. Nunn & Love, of Georgetown, for appellee.

KEY, C. J. This is an appeal from a judgment rendered by the county court of Williamson county in favor of appellee and against appellant, for the value of a mule killed by one of appellant's trains. The mule was killed on appellant's right of way, which was fenced, and appellant contends that the testimony wholly fails to show that it was guilty of any negligence. The mule escaped from the plaintiff's premises; entered a field belonging to a Mr. Westberg, and passed out of that field through an open gate in appellant's right of way fence, and onto the railroad track, where it was run down and killed by a passenger train.

The controlling issue submitted by the trial court to the jury was whether or not appellant was guilty of negligence in permitting the gate in its right of way to be open. Counsel for appellant contend that the gate was placed there for the benefit of the adjoining owner, and therefore that no duty rested upon it to keep the gate closed. It is provided by statute in this state that railroad companies shall be liable for the value of all stock killed or injured by the locomotives and cars used in operating their railways, provided, however, that if the road be fenced, the company shall not be liable unless it is made to appear that the injury resulted from a want of ordinary care on the part of the company. It is also provided by statute that if a railroad fences its right of way, it may be required to make openings or crossings through its fence and over its roadbed every 1½ miles; and it is further provided that if such fence shall divide any inclosure, at least one opening shall be made in the fence within such inclosure. Construing these statutes, our courts have held that, unless railway companies fence their rights of way they are liable absolutely for live stock killed or injured by passing trains, and that when they fence their rights of way the law requires them to maintain the fence in such condition as to be reasonably sufficient to prevent live stock from entering upon the railroad track, with the exception, however, that if the railroad runs through and divides an inclosed tract of land, and gates are placed in the right of way fence for the benefit of the owner or occupants of the land so inclosed, then no obligation rests upon the railway company to keep the gate closed.

In this case the proof shows that the railroad right of way and the railroad track ran through two farms, one belonging to Mr. Westberg and the other either to his mother or his brother, and indicates that they all lived together in a residence on the farm belonging to the first-named Westberg. However, instead of the proof's showing that the railroad divided an inclosure, it shows that the two farms were separate, and also shows that the gate in question was located between two public road crossings, not more than a mile apart. As to why the gate referred to and the one opposite it in the right of way fence on the other side of the railroad were placed there, the testimony is very meager, but indicates that perhaps it was done for the benefit of the Westbergs, in order that they might have easy access to and from their respective farms. But the fact remains that the two farms not only belonged to different owners, but were not within the same inclosure, and for this reason we hold that it was the duty of the railroad com-

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

pany to exercise proper care to prevent the gate from being open on the occasion in question, and the evidence supports the finding of the jury that such ordinary and proper care was not exercised; and therefore we rule against appellant on the controlling question in the case. Ry. Co. v. Wilson, 124 S. W. 132, and Ry. Co. v. Lee, 135 S. W. 694, and authorities cited in both cases.

All the questions presented in appellant's brief have received due consideration, and our conclusion is that the judgment should be affirmed; and it is so ordered.

Affirmed.