TEXAS ELECTRIC RY. CO. v. SIMMONS.
(No. 8142.)

(Court of Civil Appeals of Texas. Dallas. Feb. 15, 1919. Rehearing Denied July 5, 1919.)

1. RAILROADS ☞413(1) — RIGHT OF WAY FENCE—GATES—DUTY OF COMPANY.

Gate being part of a right of way fence, and placed there by the railway company, though for the accommodation of landowner, it was the company's duty to make it of such strength, and with such fastenings to hold it, as to turn stock of ordinary disposition, like the other parts of the fence.

2. RAILROADS ☞434(4) — RIGHT OF WAY FENCE—GATES—DUTY OF LANDOWNERS.

It is the duty of landowner to keep shut and to repair trivial defects developing in gate put in right of way fence by railroad company for his accommodation and, till it got out of repair so as to impart knowledge thereof to the company, to make such defect known to the company.

3. RAILROADS ☞439(3)—INJURY TO STOCK— PETITION.

Petition for negligence of railroad company as to gate in right of way fence, through which stock escaped onto the track, held subject to special exception of being too general, vague, and indefinite.

4. RAILROADS ☞440 — INJURY TO STOCK — PLEADING AND EVIDENCE.

The proper conclusion from allegations of petition, special exception to which of indefiniteness had been overruled, being that plaintiff expected to show that fastening of gate in defendant's right of way fence, was insufficient or had become out of repair, plaintiff's testimony that there was no fastening on the gate when it was installed should not have been received.

5. NEW TRIAL ☞89—SURPRISE—EVIDENCE.

Plaintiff's testimony that there was no fastening on the gate when it was installed having been received, though the proper conclusion from the petition, special exception to which of indefiniteness had been overruled, was that plaintiff expected to show that fastening was insufficient or had become out of repair, new trial should have been granted on motion presenting testimony of three reputable persons that defendant placed a proper fastening on the gate when it was installed.

Appeal from Dallas County Court; T. A. Work, Judge.

Action by Z. L. Simmons against the Texas Electric Railway Company. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

Templeton, Beall, Williams & Callaway, of Dallas, for appellant.

Scott, Fagan. & Cardwell, of Dallas, for appellee.

RAINEY, C. J. Appellee sued the appellant for the killing of one mule by its electric car which it operated between Dallas and Waco as a common carrier. Appellant operates its cars over a tract of land in possession of appellee, who holds same as lessee. Through this tract of land appellant has fenced its right of way; but for the accommodation of the owners of land appellant has placed gates in its fences on both sides of its tracks, and which became a private crossing without restriction for the neighborhood. Through the gate on the west side, which was open one night, appellee's mule passed through onto the right of way and was killed

by one of appellant's cars. Whether or not the mule pushed the gate open, or whether some one in passing through left it open, the evidence does not show.

[1, 2] The gate being a part of the fence and having been placed there by the railway company, it was the duty of the appellant to make it of such strength and with the proper fastenings to hold it as secure as the other parts of the fence, that is, so as to turn stock of ordinary disposition; but the duty also devolved upon the landowner to keep the gate shut, and, if the gate subsequently suffered any trivial defect, to repair the same, if it could be done at small expense. It was not appellant's duty to keep the gate shut, after it was properly placed, and, until it got out of repair so as to require that such knowledge become known to appellant, appellee should have made such defect known to appellant. This appellee failed to do in this instance.

Whether the gate was properly constructed in the first instance, or afterward became defective to such an extent as required the road to take notice and repair the same, was a controlling issue in fixing liability on the appellant.

The case was tried without a jury, and the court found, in part:

"I find that the defendant failed and neglected to place or maintain any fastenings on the gate in the fence on the west side of its track and right of way, and by reason thereof, on the night of September 24, 1917, said mules and horse, or some of them, belonging to plaintiff, entered said right of way through said gate which was open or was opened by said horses or mules, and wandered upon the right of way and track of the defendant where there is a large fill or embankment, and during the night, or early the next morning, one of the cars operated by defendant ran into and killed one of plaintiff's mules, which I find to be of the value of $225.

"I find that, the defendant knew, or by the exercise of ordinary care could have known, that there was no fastening on the gate on the west side of its right of way, and its failure to provide and maintain a proper fastening on said gate was negligence, and such negligence was the direct and proximate cause of the killing of said mule.

"(1) I find that plaintiff was a tenant and occupant of a certain fenced and inclosed tract of land situated in Dallas county, Tex., through which defendant's right of way and railroad track extends; that said right of way and track of defendant were fenced; and that for the benefit of the owner and tenants of said tract of land a private crossing was established, at which gates were erected and maintained.

"(2) I find that on the night of September 24, 1917, plaintiff's mule passed out of plaintiff's pasture through the west gate onto defendant's right of way and was killed by one of defendant's cars; that no one saw said mule pass through said gate, and the evidence does not show whether said mule or some other of plaintiff's stock opened said gate and passed through same, or whether said gate had been left open by some person.

"(3) I find that divers persons used said railroad crossing and passed through said gate, and that said gate was often left open by such persons.

"(4) I find that baling wire had been used for the purpose of fastening said gate, and that some baling wire was lying on the ground near said gate on the morning when plaintiff's said mule was found dead, and that said gate was standing one-third or one-half open at said time.

"(5) I find that plaintiff and his two sons and hired man and another tenant of said premises, one W. W. Murphy, and various persons in the neighborhood, passed over said crossing and used said gates from time to time and as their convenience required."

The appellee's cause of action was based on the negligence of appellant, which he pleads as follows:

"That on account of the negligence of defendant in failing to keep said gate in proper repair and to put the proper fastenings on said gate and neglecting and failing to put in substantial posts, said gate and the fastenings thereto became loose, to such an extent that the stock in said pasture pushed the same open and wandered upon the crossing over said railway; that said defendant, its agents, servants, and employés, had knowledge of the condition of said gate and the fastenings thereof, or by the exercise of ordinary care could have known of the condition of said gate and the fastenings thereof, and could have kept said gate and the fastenings in proper condition and prevented the stock in plaintiff's pasture from opening said gate and wandering on defendant's right of way, or by the exercise of ordinary care said defendant, its agents and servants, could have known of the condition of said gate and the fastenings thereof, and could have made the same safe and prevented said stock from pushing said gate open and wandering upon the right of way of said defendant company."

To these allegations appellant duly presented a special exception as being too general, vague, and indefinite, and did not state facts with sufficient particularity, which exceptions were overruled, and such ruling is assigned as error.

[3, 4] It would be a proper conclusion from said allegations that plaintiff expected to show that the fastening of said gate was insufficient or had become out of repair, while plaintiff's evidence shows that no fastening existed on said gate at the time the gate was first installed. While the allegation does not definitely charge that, therefore the exception should have been sustained, and the testimony should not have been considered as was done by the court.

The fact that no one saw the mules go through the gate, and that the gate was often left open by persons passing through, raises such a doubt of negligence on the part of appellant as it cannot be presumed.

[5] The court erred in not hearing appel-

lant's motion and evidence for new trial when appellant presented the evidence of three reputable persons that the appellant had placed a proper fastening to the gate when it was first installed. Goodhue v. Meyers, 58 Tex. 405; Chandler v. Mackling, 22 Tex. 42; Coward v. Sutfin, 185 S. W. 378.

In view of the fact that special exception to paragraph No. 3 of plaintiff's petition was overruled, and that the evidence of appellee that no fastening was ever placed on the gate by appellant, which testimony was considered by the court, and in view of the court not hearing evidence on motion for new trial of said gate having originally a fastening, we reverse and remand the case.

In his motion for rehearing appellant charges that appellee had falsely sworn that there was no fastening originally on said gate. When, upon a new hearing, it could be shown that such was not a fact, but that a fastening was originally upon the gate, it would probably change the result.

The judgment is reversed, and cause remanded.