## BUTLER v. BAKER. (No. 6271.)

(Court of Civil Appeals of Texas. Austin. Dec. 22, 1920.)

1. Railroads ☞411(4) — Liability for killing live stock lessened by fencing.

A railroad company may gain a certain immunity from liability for killing live stock on its right of way by fencing the same, although not required by law to fence it.

2. Railroads ☞413(7) — Private opening through fence with acquiescence of landowner, defense against tenant owning animal killed.

Vernon's Sayles' Ann. Civ. St. 1914, art. 6486, providing that all railway corporations may be required to make openings or crossings through their fence where the roadbed divides an inclosure, is mandatory; and, where a railway left an opening, without gates, but with cattle guards, that was not inappropriate to the needs of the owner and the situation of the property, it had the right to set up the defense that the right of way was fenced, in an action by landowner's tenant to recover the value of a mule killed on the right of way; the opening having been made with the acquiescence, if not the express consent, of the landowner.

Appeal from District Court, Falls County; Prentice Oltorf, Judge.

Action by George Butler against Jas. A. Baker, receiver. Judgment for defendant, and plaintiff appeals. Affirmed.

W. E. Rogers, of Marlin, for appellant.
Pat M. Neff and Walton D. Taylor, both of Waco, for appellee.

BRADY, J. Appellant, as plaintiff below, sued to recover the value of a mule, alleged to have been killed on the right of way of the railroad, at a private crossing made for the convenience of R. A. Reed, who owned the land on both sides of the railroad. Appellant alleged that he was a tenant on the farm of Reed, and had access to the pasture land which lay on both sides of the right of way. The defendant pleaded that the right of way was fenced, and that the injury occurred at a place left open as a private crossing, and that the railway company was not responsible for the injury; there being no acts of negligence pleaded by the plaintiff. The trial was by the court without a jury, and judgment was rendered for the defendant.

The court filed conclusions of fact and law, which we adopt. The material facts are that the International & Great Northern Railroad was constructed through the inclosure of R. A. Reed, which included pasture land, leaving a part of such land on the east and a part of the same on the west side of the railroad. The track is fenced on both sides through the inclosure, and the fences sufficiently exclude from the right of way stock of ordinary disposition. The owner of the land handles cattle, and keeps same in the pasture on both sides of the railroad, but there is water on only one side. For the convenience and use of the owner, the railroad company made an opening in its fences, about 40 feet wide, and provided a private crossing over the track, at a point within the inclosure. This is the only opening or crossing in the inclosure. On both sides of the opening, the railroad company constructed cattle guards and wing fences connecting with the right of way fences, to prevent animals passing through the opening from entering upon the right of way or track adjoining the opening. The cattle guards and wing fences, on the date of the injury, were in good repair, and sufficient to exclude live stock from the right of way. The opening or crossing was made for the convenience of and as a way of necessity for the owner of the land, so that his cattle might freely pass from that part of the pasture containing no stock water to the other side of the track, where there was water. The opening was left in its present condition, with the consent and approval, if not by the express agreement, of Reed; and was not shown to be inappropriate to the needs and situation of the property, and the use thereof by the landowner, his tenants and employés.

Appellant was a tenant, occupying and cultivating land belonging to Reed, and adjoining the pasture land. He had the privilege of turning his stock into the pasture, but no other control over the pasture land.

Appellant's mule was struck and killed by a train while on the crossing, and was knocked or carried past the cattle guard into the fenced right of way. The mule was of the reasonable market value of $250. There was no evidence that the railroad employés saw the mule on the track in time to have avoided striking him, and no evidence of negligence of any kind on the part of such employés. The circumstances under which the mule was killed were not shown, except those circumstances indicating the point at which he was struck.

The court's conclusions of law may be summarized as follows: That the opening or private crossing was such as is permitted by the right of way fencing statute; that under the circumstances shown, the leaving of such crossing open, and the use of cattle guards and wing fences instead of gates was not negligence, and does not bar the defense that the railroad track was fenced within the purview of the statute; that under the facts owner could not recover for the killing of an animal on such crossing or opening, and that the plaintiff being his tenant, and as such interested in the premises, and having the privilege of using the same, is in no position to

complain of said crossing not being provided with gates; that, based upon the conclusions of fact, the plaintiff was not entitled to recover.

## Opinion.

Appellant assigns as error that the conclusions of law by the trial court are not sustained by the findings of fact, especially because the railroad company had left an opening, 40 feet in width, without gates, for the convenience of the landowner; and that appellant, not having been a party to the agreement, and having the right to turn his animals into the pasture, the court should have held, as a matter of law, that the defendant was guilty of negligence in not fencing the right of way, and in not providing gates for the opening.

[1] It is well settled that a railway company may gain a certain immunity from liability for killing live stock on its right of way by fencing the same, although not required by law to fence it. The question for decision is whether the opening or private crossing involved in this case was such an opening in the fenced right of way as was authorized or required by law. If so, the railway company would not be deprived of its right to interpose the defense that its right of way was fenced, with such opening, and would not be liable, except for negligence. Article 6486, Revised Statutes, reads as follows:

"All railway corporations in this state, which have or which may hereafter fence their right of way, may be required to make openings or crossings through their fence and over their roadbed along their right of way every one and one-half miles thereof: Provided, that if any such fence shall divide any inclosure, that at least one opening shall be made in said fence within such inclosure."

In Railway Co. v. Hanacek, 93 Tex. 446, 55 S. W. 1117, our Supreme Court held that the chief purpose of the statute was to secure openings through fences and crossings over roads of the character defined, to residents or owners of land through which the road passes, and the proviso was introduced merely to recognize and secure to owners of inclosures their right of access to and passage through their lands thus divided. It was also there held that the character of openings of the latter kind is not defined further than by the language of the proviso, but was doubtless intended to be such as should be appropriate to the situation and needs of the owner.

[2] It is obvious that the statute has not defined the kind of openings to be provided in cases where an inclosure is divided, but has left that matter to the determination of the railroad company and the owner. In this case it was an open crossing about 40 feet wide, and provided with cattle guards and wing fences, sufficient to prevent stock going upon the right of way or track adjoining the opening. The court below expressly found that the opening was made with the acquiescence, if not express consent, of the landowner, and was not inappropriate to the needs of the owner and the situation of the property. The statute is mandatory, and in the circumstances of this case imposed a legal duty. There is no requirement that gates must be provided, but an open crossing, with cattle guards, may be used instead, if agreeable to the company and to the owner. The opening, having been made in conformity to and in compliance with the law, it seems to us clear that the railroad company would not be liable, except for negligence. In other words, we think the right of way must be regarded as fenced, notwithstanding such opening, it having been authorized and required by law. In support of our conclusion, the following authorities may be cited: Vernon's Sayles' Civil Statutes, art. 6486; Railway v. Hollingsworth, 29 Tex. Civ. App. 306, 68 S. W. 724; Railway v. Hanacek, 93 Tex. 446, 55 S. W. 1117; Railway v. Davis, 54 Tex. Civ. App. 516, 118 S. W. 234; Railway v. Butler, 121 S. W. 176; Penshorn v. Railway Co., 186 S. W. 868.

Appellant has cited three cases, neither of which is believed to be in point. The first (Railway v. Richmond, 28 Tex. Civ. App. 513, 67 S. W. 1029) was a decision by this court. Without a detailed discussion of the facts of the case, we think a sufficient differentiation is found in the statement by Chief Justice Fisher, at page 514 of 28 Tex. Civ. App., at page 1031 of 67 S. W., that the opening in that case did not fall within the class considered in Railway v. Hanacek, supra, "because Johnson's inclosure only extended to the right of way fence west of the track, and he did not own east of it. The opening was not made in order to admit passage from one part of an inclosure to another part. There was no inclosure divided by the right of way fence." It was also stated that the opening could not be justified as a way of necessity, because there existed other convenient ways in use, open to the public road, which was on the east of the right of way fence. Again, it is stated, at page 519 of 28 Tex. Civ. App., at page 1033 of 67 S. W., of the Richmond Case:

"The facts of this case distinguish it from Railway Co. v. Hanacek, 55 S. W. 1117, where the Supreme Court, in effect, held that where a track divided an inclosure, and private openings were left in the right of way fence for the convenience of the owner, in order to admit access to both sides of the inclosure, the railroad company rested under no duty to keep the openings closed, to third parties whose stock may enter the inclosure and wander upon the track through such openings."

In the case of Railway v. Williams, 175 S. W. 486, there appears substantially the same ground of distinction. The court, among other things, said:

"Animals entering the crossing from the west side of the track were in a cul-de-sac when the gate was closed, from which they could not extricate themselves, except by going back across the track. * * * A public road ran along the * * * fence on the west side of the track, and the way to the crossing leads from that public road. It was neither pleaded nor proved that appellant was compelled by law to place a crossing at the place where the oxen were killed, but, on the other hand, it appears that the public road was on the west side of the fence, and consequently ·the crossing was not in some person's inclosure."

The case of Bean v. Railway Co., 101 S. W. 874, was one in which the plaintiff sought a mandatory injunction to require the railway company to make an opening in its right of way fence of a specific kind, and the court merely held that under the statute the landowner was only entitled to an adequate opening, and that he did not have the absolute right to demand the kind of opening described in his petition.

Under the doctrine regarded by us as now well settled in this state, we think the trial court entered the proper judgment; and, no reversible error having been shown, the judgment will be affirmed.

Affirmed.