James L. TRAHAN, Appellant,

v.

FEDERAL SIGN COMPANY OF TEXAS, etc., Appellee.

No. 14989.

Court of Civil Appeals of Texas.

Houston.

Feb. 23, 1967.

Powell, Tucker & Kain, Richard L. Reedy, Houston, for appellant.

Ross, Banks, May & Cron, Don W. Graul, Houston, for appellee.

WERLEIN, Justice.

This suit was brought by appellee, Federal Sign Company of Texas, a division of Federal Sign & Signal Corporation, against appellant, James L. Trahan, to recover upon a written contract for liquidated damages and attorney's fees, which appellee alleged were owing under the terms of such contract for furnishing, installing and maintaining three specific signs, designated in the trial court as Signs Nos. 1, 2 and 3. The court rendered judgment in favor of appellee and against appellant in the sum of $778.73 plus attorney's fees in the sum of $150.00, or in the aggregate amount of $928.73.

The jury found that appellee's delay in erecting Sign No. 1 was a failure to use due diligence in furnishing and installing such sign. The jury also found, however, that the delay by appellee in installing Sign No. 1 until April, 1963, was the result of appellant's failure to obtain or provide a place for installation. The rule is well settled that there may be a recovery on the contract for part performance of an entire contract if complete performance has been prevented by the other party. 17 Am.Jur.2d, p. 826, Contracts, Sec. 382, and authorities there cited.

To Special Issue No. 3 the jury found that appellee failed to maintain Sign No. 2. Special Issue No. 4 reads: "From a preponderance of the evidence, what amount of money, if any, do you find will compensate the Defendant for the damages sus-

tained as a result of Plaintiff's failure to maintain Sign No. 2?" The jury answered, "None". To Special Issue No. 5 the jury found that appellee had not failed to maintain Sign No. 3. Appellant did not object or except to the court's charge or to any of the special issues submitted by the court. Neither appellant nor appellee requested any additional issues or objected to the charge on the ground there were any omitted issues which should be submitted.

Appellant complains that the court erred in entering judgment for appellee on the basis of the written contract and in not entering judgment for the appellant since the jury's answer to Special Issue No. 3, that appellee failed to maintain one of the signs, barred appellee from recovery on the contract. Appellant further asserts that the trial court erred in not entering judgment for him on the jury verdict because the jury's answer to Special Issue No. 3 was a finding that appellee only partially performed the contract and hence any recovery would have to be based upon quantum meruit and appellee did not plead or seek to recover in quantum meruit.

▇ The case is before us without a statement of facts and without any findings of fact or conclusions of the trial court other than the statement of the court in its judgment that the court found that appellant was indebted to appellee in the sum of $778.73, with reasonable attorney's fees of $150.00, to bear interest at the rate of 6% per annum from November 30, 1963. The law is well settled that in the absence of a statement of facts it must be presumed that sufficient evidence was introduced to support the findings of the jury and the judgment of the court. Lane v. Fair Stores, 1951, 150 Tex. 566, 243 S.W.2d 683; Schweizer v. Adcock, 1946, 145 Tex. 64, 194 S.W.2d 549; Houston Fire & Casualty Insurance Company v. Walker, Tex.Sup., 152 Tex. 503, 260 S.W.2d 600; 3 Tex.Jur.2d 703, and authorities there cited.

▇ In the absence of a statement of facts, we must presume there was undisputed evidence showing that the amount due plaintiff as liquidated damages was as found and decreed by the court. Appellant has no point of error with respect to the amount so found by the court but merely complains that there could be no recovery on the contract in view of the jury's finding that appellee failed to maintain Sign No. 2. The jury found that such failure did not result in any damages to appellant. In support of the court's judgment, and in the absence of a statement of facts, we must presume that the evidence was undisputed that the default in payment by appellant preceded any default on the part of appellee.

▇ Appellee pleaded a good cause of action for breach of contract and for liquidated damages resulting from appellant's breach of contract consisting of failure to make payments as required under the terms of the contract. Appellant pleaded that he be allowed all lawful offsets and credits and damages against any judgment rendered against him. He failed to establish that he was entitled to any offsets, credits or damages.

Judgment affirmed.