**J. T. SWIM et al., Appellants,**

v.

**QUANAH, ACME & PACIFIC RAILWAY CO., Appellee.**

No. 7939.

Court of Civil Appeals of Texas.

Amarillo.

April 21, 1969.

J. Farris Fish, Matador, for appellants.

Howard Traweek, Matador, Bell, Sowell & Neal, Quanah, Jim W. Sowell, Quanah, of counsel, for appellee.

NORTHCUTT, Justice.

This is a suit brought by J. T. Swim and J. T. Swim, Jr., as plaintiffs, hereinafter referred to as appellants, against Quanah, Acme & Pacific Railway Co. as defendant, hereinafter referred to as appellee, for damages resulting from the loss of four cattle that were killed by appellee's train upon its right-of-way. The case was tried before the court without a jury. Judgment was rendered by the court that appellants recover nothing of the appellee and from that judgment the appellants perfected this appeal. There is no statement of facts herein and the appeal is presented solely upon the findings of fact and conclusions of law as found by the trial court.

■ The judgment of the trial court provides that the pleadings, evidence and argument of counsel was heard and fully understood. The law is well settled that in the absence of a statement of facts it must be presumed that sufficient evidence was introduced to support the findings of the court where the trial was heard before the court without a jury. Lane v. Fair Stores, 150 Tex. 566, 243 S.W.2d 683; Schweizer v. Adcock, 145 Tex. 64, 194 S.W.2d 549; Houston Fire & Casualty Insurance Co. v. Walker, 152 Tex. 503, 260 S.W.2d 600; Trahan v. Federal Sign Company of Texas, Tex.Civ.App., 412 S.W.2d 814. Then we must consider the findings of fact as found by the court and its conclusions of law.

The court found that appellants, each, owned two of the calves killed and that the calves with other cattle escaped from their enclosure and wandered into an enclosed irrigated field of alfalfa which was owned by and in possession of one Billy Hand; that Billy Hand discovered the cattle in his alfalfa field about mid-afternoon on December 3, 1967, and went to inform J. T. Swim where the cattle were and informed

Miss Lula Swim, an adult daughter of J. T. Swim, where the cattle were; but the cattle were not removed from the field on the afternoon of December 3, 1967; that on December 3, 1967, the cattle wandered from the alfalfa field through an open gate in the right-of-way fence of the appellee; that Hand was the owner of a tract of land consisting of approximately 1225 acres of land through which appellee's track ran; that the right-of-way of appellee was fenced on both sides of the track by a fence capable of turning cattle of ordinary disposition and docility throughout the entire length of the two miles which covered said 1225-acre enclosure; that appellee constructed an opening in the north right-of-way fence and also in the south right-of-way fence as well as the crossing over its right-of-way for the sole benefit of Hand, the owner of the 1225-acre tract of land; that gates in the form of wire gaps were installed in the fence at the private crossing which was constructed for the sole benefit of Billy Hand and that said gates when closed were capable of turning cattle of ordinary disposition and docility; that prior to December 3, 1967, Hand left said gate open at his crossing. It was through this open gate that said cattle entered into and upon appellee's right-of-way and were killed about 11:30 P.M. on December 3, 1967. There were other findings of fact but under this record we think the above are sufficient to determine the matter here involved. The conclusions of law as found by the court were as follows:

"1. The opening in the right of way fence, through which the plaintiffs' cattle entered upon the railroad right of way, was one which was required by law; that is, the defendant railroad, was compelled by Article 6321, of Vernon's Texas Civil Statutes, to provide an opening through its right of way fence, and crossing over its roadbed, for the convenience of the adjoining owner for the reason that the fenced right of way divided an enclosure, of the same owner, for a distance of at least one and one-half miles.

2. The defendant railroad was under no duty to keep the opening or gate closed, either in respect of the owner of the enclosure or of the plaintiffs, J. T. Swim and J. T. Swim, Jr., whose stock entered the enclosure and wandered through the open gate on the right of way of the defendant.

3. That the duty rests upon Billy Hand, as the owner of the contiguous land to keep the gates closed, and to keep the gates repaired and not upon the defendant railroad.

4. There is no evidence that the defendant railroad failed to exercise ordinary care in the operation of its train at the time and immediately prior to the plaintiffs' cattle being struck.

5. The defendant is not liable to the plaintiffs for the loss of their four head of cattle which were struck and killed or injured by the defendant's train."

The main contention of appellants is that under Art. 6402, Texas Civil Statutes, the fact that the cattle were killed makes the appellee liable for the value of the cattle as a matter of law. Said article reads as follows:

"Each railroad company shall be liable to the owner for the value of all stock killed or injured by the locomotives and cars of such railroad company in running over their respective railways. Such liability shall also exist in counties and subdivisions of counties which adopt the stock law prohibiting the running at large of horses, mules, jacks, jennets and cattle. If said company fence its road it shall only be liable for injury resulting from a want of ordinary care."

The appellants quote Art. 6321 as follows:

"All railway corporations in this State, which have or may fence their right of

way, may be required to make openings or crossings through their fence and over their roadbed along their right of way every one and one-half miles thereof. If such fence shall divide any inclosure, at least one opening shall be made in said fence within such inclosure. Such crossings shall not be less than thirty feet in width, and shall be made and kept in such condition as to admit of the free and easy passage of vehicles and domesticated animals."

Under the findings of the court here it was not a defective fence where the cattle entered onto appellee's right-of-way and were killed, but they entered through an open gate left open by Mr. Hand. Neither was it Mr. Hand's cattle that were killed but were cattle that had been confined in an enclosed pasture about a mile away and had escaped and entered into the alfalfa field of Mr. Hand, then entered into appellee's right-of-way through an open gate constructed solely for the benefit of Mr. Hand and was his duty to keep shut. Texas Electric Railway Co. v. Simmons, Tex. Civ.App., 214 S.W. 563.

The appellants here did not use the gate here in question and had no control over nor connection with it of any kind, and neither was the fence or gate erected for their benefit. Consequently, the appellee cannot be held liable for killing said animals without proof that it was in some manner guilty of negligence which was the proximate cause of such killing. Missouri, K. & T. Ry. Co. of Texas v. Hanacek, 93 Tex. 446, 55 S.W. 1117; Butler v. Baker, Tex.Civ.App., 226 S.W. 827; Missouri, K. & T. Ry. Co. of Texas v. Butler, Tex.Civ. App., 121 S.W. 176. There are many other cases holding to the same effect.

We are of the opinion that the proper disposition was made of this case by the court. We have carefully considered all of appellants' points of error and overrule all of them. The judgment of the trial court is affirmed.