**Walter GRAVES, Appellant,**

v.

**Dale SOMMERFELD, Appellee.**

No. 6320.

Court of Civil Appeals of Texas, Waco.

July 2, 1981.

Rehearing Denied July 30, 1981.

Andy J. McMullen, McMullen, Connally, Robertson & Campbell, Hamilton, for appellant.

Thomas E. White, Connie White, Crouch & White, P. C., Hamilton, for appellee.

## OPINION

McDONALD, Chief Justice.

This is an appeal by defendant Graves from judgment for plaintiff Sommerfeld of $22,960.47, plus $6,500 attorney's fees, in a breach of contract case.

Plaintiff Sommerfeld sued defendant Graves alleging plaintiff and defendant entered a written contract on August 28, 1979 by the terms of which plaintiff was to construct a house for defendant on defendant's described land; that defendant was to reimburse plaintiff at the end of each month for materials and labor expended by plaintiff during such month; that on completion of construction defendant was to additionally pay plaintiff 10% of the total amount paid for labor and materials; that plaintiff began construction of the house; and was not paid $9,499.71 for November 1979, and $9,897.37 for December 1979; that on December 20, 1979 when the house was approximately 90% complete defendant wrongfully terminated the construction contract, and demanded plaintiff cease work on the dwelling; that plaintiff substantially performed the contract until further performance was wrongfully prevented by defendant; that defendant owes plaintiff the $9,499.71 and $9,897.37 plus 10% of all expenditures for labor and material in the amount of $4,057.97 [1], plus $6,500 reasonable attorney's fees.

1. 10% on all amounts expended for labor and material from start of construction through December 20, 1979.

Plaintiff further sought foreclosure of mechanic's and materialman's lien on the described property.

Defendant answered by general denial, and that plaintiff substantially breached the contract: in failing and refusing to keep accurate and complete account of labor expended on the project, and in paying his employees in excess of the amount agreed to be paid under the contract.

Trial was to a jury which found:

1) Plaintiff substantially complied with the contract until December 20, 1979.

2) $18,902.50 is due plaintiff for materials and labor paid by plaintiff and furnished defendant for November and December 1979.

3) $4,057.97 is due and owing plaintiff for the 10% bonus provided in the contract.

4) Plaintiff did not fail to keep accurate and complete account of labor expended on the project.

6) Plaintiff did not pay employees an amount in excess of the amount agreed to be paid in the contract.

8) Plaintiff did not charge interest from December 20, 1979.

9) $6,500 is reasonable value of attorney's fees necessary for services rendered by plaintiff's attorney.

The trial court rendered judgment on the verdict for plaintiff for $22,960.47; decreed foreclosure and sale under the mechanic's and materialman's lien; and additionally awarded plaintiff $6,500 attorney's fees.

Defendant appeals on 59 points.

Points 1 through 6 assert the trial court erred in submitting Issue 1 over the objection there was no pleading to support submission of such issue; that the trial court erred in failing to submit an issue as to whether plaintiff substantially performed the contract; that the trial court erred in failing to submit an issue as to whether defendant improperly terminated the con-

tract; and that there was no evidence that plaintiff was wrongfully prohibited by defendant from completing the construction.

Plaintiff pled he was to be paid monthly for labor and materials expended; that he was not paid $9,499.71 due for November 1979 and $9,897.37 due for December 1979; that he "substantially performed the contract until further performance was wrongfully prevented by defendant". Defendant pled that plaintiff breached the contract in failing "to keep accurate and complete account of labor expended," and in paying "his employees an amount in excess of the amount agreed to be paid under the terms of the contract."

There was evidence that plaintiff was not paid for November and December 1979; it was undisputed that defendant fired plaintiff off the job on December 20, 1979; defendant testified that on December 20, 1979 "I told him he was fired, and if [you] don't leave I'll have the Sheriff put you off"; that he fired him off the job because he refused at that time to keep time records as defendant had requested be kept in the future. The jury rejected these defenses and in answer to Issue 4 found upon ample evidence that plaintiff did not fail to keep accurate and complete account of labor expended on the project; and in answer to Issue 6 found plaintiff did not pay employees an amount in excess of the amount agreed to be paid in the contract.

■ The rule is well settled that there may be recovery on a contract for part performance of an entire contract if complete performance has been prevented by the other party. *Tex-Craft Bldrs., Inc. v. Allied Const. of Houston*, Civ.App. (Tyler) NRE, 465 S.W.2d 786; *Trahan v. Federal Sign Co.*, Civ.App. (Houston 1) NWH, 412 S.W.2d 814; *Dodds & Wedegartner, Inc. v. Reed*, Civ.App. (Dallas) Er.Dsmd, 69 S.W.2d 165; *Sanderson v. Sanderson*, 130 Tex. 264, 109 S.W.2d 744; *Davis Bumper to Bumper, Inc. v. American Petrofina Co.*, Civ.App. (Amarillo) NRE, 420 S.W.2d 145; *Dockery v. Durham*, Civ.App. (Waco) Er.Dismd, 3 S.W.2d 514.

■ Points 1 through 6 are without merit, and are overruled.

Points 7 through 15 assert there is no evidence and/or insufficient evidence to sustain the jury's answer to Issue 9 (finding $6,500 to be a reasonable fee for necessary services rendered by plaintiff's attorney); and that attorney's fees are not recoverable because plaintiff did not submit defendant a written statement covering the amount sued for at least 30 days prior to filing of the case.

Article 2226 VATS authorizes attorney's fees in this case. Defendant asserts there is "no reasonable and necessary evidence".

One of plaintiff's attorneys, Mr. White, testified: "My testimony is to the effect that for purposes of evidence of reasonable attorneys' fees I can testify that Mr. Sommerfeld has hired my firm to bring this action, and we have alleged in our petition $6,500 is a reasonable attorney's fee. I can testify that our usual and customary fee for all attorneys in my firm is $65. an hour and that from my own personal knowledge I know in excess of 100 attorney's hours have been expended in the prosecution of this case". He further testified he prepared affidavit for mechanic's and materialman's lien; that $65. per hour was reasonable in this case although earlier in the year he had charged as little as $50. per hour on a case; that two attorneys in his firm worked on this case; that 3 petitions were prepared in this case; that he spent 20 hours in preparation and review of pleadings; 40 hours in trial time; 4 hours in deposition taking; 35 hours research and briefing; 12 hours research of special exceptions and miscellaneous matters; totalling some 111 hours.

This case took several days in trial. When the jury reached Issue 9, it had already determined that $18,907.50 was due plaintiff for materials and labor paid by plaintiff and furnished defendant; and that plaintiff had not failed to keep accurate and complete accounts of labor expended, and had not paid employees more than provided for in the contract.

■ The record reflects that all work done by plaintiff's counsel was necessary to effectively dispose of his cause of action. It is in the province of the jury to determine

what is the reasonable value of an attorney's services, and the jury may take into consideration the facts before them in relation to the services rendered, as well as the estimates of their value made by attorneys who testified. *Sapphire Royalty Co. v. Davenport*, Civ.App. (Houston 1) NRE, 306 S.W.2d 202; *Gulf Paving Co. v. Lofstedt*, (adopted S.Ct.) 144 Tex. 17, 188 S.W.2d 155.

■ Plaintiff submitted the statement for the November 1979 labor and materials to defendant on December 5, 1979; and submitted a statement for the December 1979 labor and materials on March 3, 1980. Suit was filed on March 31, 1980. The contract provided submission of statements before filing of suit.

Under Article 2226 VATS attorney's fees may be recovered if a claim is not paid within 30 days of presentation regardless of when suit was filed. *Gateley v. Humphrey*, 151 Tex. 588, 254 S.W.2d 98.

Points 7 through 15 are overruled.

■ Points 16 through 19 assert the trial court erred in submitting Issue 9 and basing judgment thereon because plaintiff's attorney drafted the contract for the parties, and thereafter is representing plaintiff against defendant in suit for breach of such contract; that such contravenes certain ethical considerations and precludes award of attorney's fees under the circumstances.

Defendant had no pleadings concerning the foregoing and the trial court properly excluded evidence concerning same.

Points 16 through 19 are overruled.

■ Points 20 through 27 assert the trial court erred in refusing to accept the jury's verdict as originally announced, and in sending the jury back to further consider same.

When the jury first returned, Issue 1 was answered that plaintiff did not substantially comply with the contract until December 20, 1979.

The trial judge upon reading the verdict perceived that such issue might conflict with the answers to Issues 4 and 6 and resubmitted the charge to the jury for further consideration over defendant's objections. The jury returned to the jury room

and the foreman (and all others) immediately discovered that 11 jurors had voted that plaintiff substantially complied with the contract until December 20, 1979, but the foreman through clerical error had written on the charge that he did not. The jury corrected the clerical error and returned the verdict into court answering Issue 1 that plaintiff substantially complied with the contract until December 20, 1979.

It is our view that no reversible error was committed. Rule 434 TRCP.

Points 20 through 27 are overruled.

■ Points 28 through 40 assert that the trial court erred in submitting Issues 2 and 3, and in rendering judgment thereon because there is no evidence that the amounts expended by plaintiff for labor and materials for the construction of the house were reasonably necessary for the completion of the house.

The construction contract was a cost plus contract in which plaintiff agreed to furnish all labor and materials for the construction of the house according to defendant's plans and specifications. Plaintiff agreed to "obtain and contract for the services of the necessary plumbers, electricians * * * and other craftsman as may be necessary for the completion of" [the house].

Defendant asserts that plaintiff's burden was to prove that all material and labor were "reasonably necessary" for the construction of the house. Plaintiff offered the billings of the furnishers of material, his records and checks as evidence.

The jury found in answer to Issue 4 that plaintiff did not fail to keep accurate records and complete accounts for labor expended on the project.

Issue 2 found the amounts plaintiff expended for labor and materials on the project, and Issue 3 found the amount due plaintiff for his 10% bonus provided for in the contract.

Under the facts and evidence in this case an amount was due plaintiff under the terms of the contract based on labor and materials expended in the construction without implying agreements that would

enlarge the provisions of the contract. 13 Tex.Jur.2d Sections 163 and 164.

Points 28 through 40 are overruled.

 Points 41 through 45 assert the trial court erred in rendering judgment for plaintiff because there is no evidence and/or insufficient evidence to support the jury's answer to Issue 4, and that the evidence is conclusive that plaintiff failed to keep accurate and complete accounts of labor expended on the project.

The jury found in answer to Issue 4 that plaintiff did not fail to keep accurate and complete accounts of labor expended.

Plaintiff testified as to the records and accounts that he kept; and an expert witness, a Certified Public Accountant, testified that plaintiff did a good job, and kept adequate accounting records "and as far as I am concerned it's a good system, good enough".

We hold there is ample evidence to support the jury's answer to Issue 4, and that same is sufficient. *In re King's Estate*, 150 Tex. 662, 244 S.W.2d 660.

Points 41 through 45 are overruled.

 Points 46 through 50 assert the trial court erred in rendering judgment · for plaintiff because there is no evidence to support the jury's answer to Issue 6, and/or that such answer is against the great weight and preponderance of the evidence.

Issue 6 found plaintiff did not pay employees an amount in excess of the amount agreed to be paid in the contract.

The contract provided that plaintiff's crew be paid no more than $7.50 per hour.

There is evidence that some of the employees were given raises in their hourly wage, but the evidence is that none were paid in excess of $7.50 per hour.

There is ample evidence to sustain the jury's finding and such is not against the great weight and preponderance of the evidence. *In re King's Estate, supra.*

Points 46 through 50 are overruled.

Points 51 through 59 assert the trial court erred: in overruling defendant's motion for judgment; in granting plaintiff's motion for judgment; in overruling defendant's motion for new trial; in failing to grant defendant's motion to disregard certain issues; in overruling defendant's motion for judgment notwithstanding the verdict; and that the evidence is insufficient to support the jury's answer to Issues 2 and 3.

These points have been considered and are overruled.

AFFIRMED.