TEXAS LAND & DEVELOPMENT CO. v. MYERS. (No. 6705.)*

(Court of Civil Appeals of Texas. San Antonio. March 1, 1922. Rehearing Denied March 29, 1922.)

1. Appearance ⬧23—Consent to use of deposition taken in another case was not appearance waiving plea of privilege.

Under Vernon's Ann. Civ. St. 1914, art. 1831, providing that taking depositions does not constitute a waiver of a plea of privilege, the filing of a written consent by defendant that a deposition taken in another case might be used in the pending case was not such a general appearance as waived its rights thereafter to plead its privilege to be sued in the county of its domicile.

2. Appearance ⬧23—Venue ⬧32(2)—Allegation resident defendant was fraudulently joined to defeat plea is not waiver of plea.

An allegation in a plea of privilege that the defendant, who resided in the county where the suit was brought, had been fraudulently joined as defendant to deprive the other defendant of its right to be sued in the county of

its residence, was not an appearance or a waiver of the latter's plea of privilege.

**3. Appeal and error ⬅➡907(3)—Overruling plea of privilege for wrong reason presumed correct in absence of evidence.**

Where there was no statement of facts or bill of exceptions in the record on appeal on a judgment overruling a plea of privilege, and the presumption that the court heard testimony is strengthened by recitals in the record indicating that testimony was heard, it will be presumed that the evidence sustained the judgment, even though the latter was based on an erroneous reason.

Appeal from District Court, Nueces County; W. B. Hopkins, Judge.

Action by W. B. Myers against the Texas Land & Development Company and another. From a judgment overruling the plea of privilege filed by the named defendant, that defendant appeals. Affirmed.

E. P. Scott, of Corpus Christi, and P. B. Randolph, of Plainview, for appellant.

E. B. Ward, of Corpus Christi, for appellee.

SMITH, J. Appellee sued appellant, domiciled in Hale county, in the district court of Nueces county, joining a resident of the latter county as a defendant. Appellant filed its plea of privilege in due form, asserting that it was a resident of Hale county, and that the local defendant has been fraudulently impleaded in the suit for the purpose alone of conferring venue in Nueces county. Appellee filed a controverting affidavit, as provided by statute, but thereafter, not content with following the procedure fixed by the statute, went further and filed a motion to overrule the plea of privilege, on the grounds that appellant had waived its right to plead its privilege, first, by executing a written agreement that a deposition taken in another cause might be used in this cause; and, second, by filing and urging the plea that the local defendant had been improperly joined in the action. This motion was sustained, and the plea of privilege overruled upon the ground recited in the judgment, that the defendant had entered his general appearance and waived his privilege.

[1] The statute (article 1831) expressly provides that "issuing process and taking depositions shall not constitute a waiver of a plea of privilege." The obvious, and obviously wise, purpose of this provision is to enable the parties to a suit to promptly proceed, unhampered and without prejudice, in the preparation of the cause for trial, so that the action upon a plea of privilege will not result in delay to the final disposition of the suit. Since the statute authorizes a defendant to take depositions without waiving his plea of privilege, then surely he may agree, without prejudice to his plea, to the use, in that case, of depositions already taken in another case. Such agreements ought always to be favored in every reasonable way, because they invariably result in the saving of time, expense, and court costs to litigants. The defendant in this case will not be penalized with the loss of his right to plead his privilege, on account of having joined the other parties in an agreement to use depositions already taken.

[2] The fact that appellant included, in his plea of privilege, the allegation that the local defendant had been improperly impleaded for the fraudulent purpose of fixing venue in Nueces county, cannot possibly be construed into an appearance on the merits, or a waiver of his plea of privilege. It sometimes occurs that local parties are joined in a suit for this very purpose. It much oftener occurs that a defendant pleads such improper joinder in aid of his plea of privilege. But it has never been held that such pleading, when embraced in a plea of privilege, constitutes an appearance or a waiver of privilege. It is a proper, and, when proven, an efficient element in a plea of privilege.

[3] There is no statement of facts or bill of exceptions in the record filed here, and we do not know what evidence was introduced and considered upon the motion to overrule the plea of privilege. There must have been some evidence adduced, since appellant, in his brief, refers to his bill of exception, and the clerk's certificate to the transcript recites that said transcript contained all the proceedings "except the statement of facts." Besides, it will be presumed that the court heard testimony, and, in the absence of an affirmative showing to the contrary, that this testimony was sufficient to support the judgment, notwithstanding an insufficient reason is given therein for the court's action, as was the case. The burden was upon appellant to bring the whole record to this court, and, by that record, affirmatively show that the judgment appealed from was erroneous. This has not been done in this case, and the presumption in favor of the right action of the trial court has not been disturbed.

The judgment is affirmed.

⬅➡For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes