## O'BRIEN et ux. v. HART.
### No. 2703.

Court of Civil Appeals of Texas. Beaumont.
Feb. 28, 1935.

D. E. O'Fiel, of Beaumont, for appellants.
Duff & Cecil, of Beaumont, for appellee.

WALKER, Chief Justice.

This was a habeas corpus proceeding instituted in district court, Jefferson county, by Mr. and Mrs. J. L. O'Brien against Mrs. Carrie Hart to recover from Mrs. Hart the care, custody, and control of their minor daughter, Margie Pauline O'Brien. On trial to the court without a jury, judgment was in favor of respondent, from which relators have prosecuted their appeal to this court.

No conclusions of fact and law were requested by either party. The evidence was sufficient to support the following fact conclusions: Relators were married the 3d day of April, 1929; their daughter, Margie Pauline, was born the 12th day of May, 1929. When born, she weighed less than four pounds and was very frail. The parents did not want her, did not want to be bothered with her, and wanted to give her away. They asked respondent and her husband to take the baby, which they agreed to do on condition that the parents would relinquish to them her care, custody, and control. Upon that agreement, respondent and her husband employed a lawyer to prepare the adoption papers.

The papers were prepared and lawfully executed by the parents on the 24th day of May, 1929, but not filed for record by respondent and her husband until the 23d day of January, 1932. The adoption papers are not in the statement of facts; the stenographer's note explaining that they were to be sent up as independent exhibits, which was not done. However, the facts attending their introduction and the testimony as to their contents, when offered and received in evidence, raised the issue that they contained all the statutory requirements of relinquishment by the parents and adoption by respondent and her husband. The husband died the 25th day of February, 1934, and left $3,000 insurance to respondent, to be used in her support and in the care of the baby. The parents had apartments with respondent and her husband when the adoption papers were executed, but moved the next day, and, though they lived in Beaumont, where respondent and the child made their home, from the date of the adoption papers to the death of respondent's husband, nearly five years—except for eight months and two weeks—they never visited the baby; never inquired about it, and never made the least contribution to its support. During that period of time relators' income was about the same as that of respondent and her husband. Immediately after adopting the baby, respondent and her husband employed highly skilled doctors for its treatment, and nurtured, cared for, and loved the baby as if it were their own. At all times after the adoption respondent and her husband loved the baby, cared for it, nursed it tenderly, and gave it the pleasures and comforts of babyhood, just as if it had been born to them. Respondent was thirty-eight years old, and she and her husband had never had any children. Respondent owns her home, has the $3,000 insurance, is in good health, ready, able, and willing to work, wants to keep the baby with all the yearnings of a mother's heart. Relators testified that they wanted their baby back, and, under their testimony, their ability to care for it was about the same as that of respondent and her husband during his lifetime. Relators first demanded the baby of respondent on the 26th day of February, 1934, the next day after the death of respondent's husband, and instituted this suit on the 1st day of March following.

## Opinion.

Appellants can gain no advantage from the fact that the adoption papers were not copied into the statement of facts. It was their duty to bring up a correct transcript of all the evidence, which they did not do. Since the record shows affirmatively that the adoption papers, though offered in evidence, were not copied into the statement of facts, "every reasonable presumption will be indulged in favor of the ruling below, and a reversal will not be ordered unless it appears that upon no possible state of the case could the ruling be upheld." 3 Tex. Jur. 424; Texas Land & Development Co. v. Myers (Tex. Civ. App.) 239 S. W. 303. This is the correct rule, because, as said by the same authority (page 460 of 3 Tex. Jur.): "It is not incumbent upon the appellee to show from the record procured by his adversary that his judgment is sustained by the evidence; rather it is for the appellant to procure and bring before the appellate court a complete record of the case, and from it demonstrate such an error in the judgment as will require its reversal."

Also, as said above, the facts attending the introduction of the adoption papers were sufficient to show that appellants had relinquished to respondent and her husband the care, custody, and control of their baby, and that they had legally adopted it.

It is immaterial that, though the adoption papers were executed on the 24th day of May, 1929, they were not recorded until the 23d day of January, 1932. No conflicting rights intervened and no point was made that the papers recorded were not the actual papers executed. Cubley v. Barbee (Tex. Sup.) 73 S.W.(2d) 72.

We overrule appellants' proposition that respondent (the adoptive parent) rested under the burden "to establish that appellants (the natural parents) were not fit persons to have the custody of said minor child." In this case the evidence was sufficient to support a conclusion that respondent and her husband had legally adopted the baby after a full and complete relinquishment in their favor by relators. On this fact conclusion we do not understand that appellants contend for their legal proposition, which is based upon the conclusion drawn by them from the evidence that there was no legal adoption.

Under the laws of this state, natural parents have the superior right to the custody and control of their children. Castro v. Castellanos (Tex. Com. App.) 294 S. W. 525. This right is not absolute, "but is subject to judicial control, when the interest of the

child demands it, and must yield, where the real and permanent interest of the child demands a different disposition." Davis v. Sears (Tex. Com. App.) 35 S.W.(2d) 99, 102. Where there is no pleading and proof that the natural parents are unfit to have the care and custody of their child, to support a judgment denying that right, "there must be pleading and proof, to the effect that the parents have voluntarily relinquished their natural and statutory right to have this care and custody." Davis v. Sears, supra. With that fact established, respondent was required only to establish the additional fact, even if the adoption papers were irregular, "that the best interest of the child would be subserved by withholding its possession from the parents." State ex rel. Wood v. Deaton, 93 Tex. 243, 54 S. W. 901. That case, with many others, was cited with approval in Davis v. Sears, supra.

Since the evidence was sufficient to support a conclusion that appellants voluntarily relinquished to respondent their natural and statutory right to have the care and custody of their baby, Margie Pauline O'Brien, and to establish the further conclusion that the best interests of the child would be subserved by withholding its possession from its parents and by giving its possession to respondent, the judgment of the lower court is in all things affirmed.