Noma L. GILL, Appellant,

v.

Roy L. WILLIS, Appellee.

No. 3183.

Court of Civil Appeals of Texas.

Eastland.

Sept. 9, 1955.

Roy L. Duke, Abilene, for appellant.

Bradbury, Tippen & Brown, Abilene, for appellee.

GRISSOM, Chief Justice.

Roy L. Willis sued Noma L. Gill for the unpaid balance of a debt alleged to be due for labor and material furnished in doing electrical wiring for defendant and for a $25 attorney's fee. In answer to the only issue submitted a jury found defendant owed plaintiff $100. Judgment was rendered for said amount plus $25 attorney's fee and costs. Noma L. Gill has appealed. She contends the judgment should be reversed because there was no finding by the jury that $25 was a reasonable attorney's fee and, with the $25 attorney's fee deducted from the judgment, the recovery in the County Court would be less than in the Justice Court and, therefore, costs should be adjudged against plaintiff.

No statement of facts has been filed. The record does not show that defendant excepted to the charge because it contained no issue inquiring what would be a reasonable attorney's fee and that an issue of fact relative thereto was raised by the evidence. Only in exceptional cases is an appellant entitled to a reversal of a judgment in the absence of a statement of facts. Houston Fire & Casualty Ins. Co. v. Walker, 152 Tex. 503, 260 S.W.2d 600, 603. Every reasonable presumption consistent with the record will be indulged in favor of the correctness of the judgment. McElyea v. Parker, Tex.Com.App., 125 Tex. 225, 81 S.W.2d 649, 653. To obtain reversal of a judgment the burden is on an appellant to show the court erred and that he was probably injured thereby. Appellant says that there was no evidence as to what was a reasonable attorney's fee. Appellee says the evidence was undisputed that $25 was a reasonable attorney's fee. It was held in Fancher v. Fellheimer, Tex.Civ.App., 94 S.W.2d 826, 827, that the reasonableness of an attorney's fee would not be reviewed in the absence of a statement of facts. In the absence of a showing of the error assigned, we must presume the judgment for attorney's fees was supported by the undisputed evidence. It is not incumbent upon an appellee to show that his judgment is sustained by the evidence. The burden is on the appellant to bring before the appellate court a record that shows error that will require a reversal. O'Brien v. Hart, Tex.Civ.App., 80 S.W.2d 464, 465; 3 Tex. Jur. 424; Texas Land & Development Co. v. Myers, Tex.Civ.App., 239 S.W. 303, 304. See also Boyd v. Guinn, Tex.Civ.App., 44 S.W.2d 1112, 1114. Appellant cites Texas Employment Commission v. Brasuell, Tex. Civ.App., 235 S.W.2d 950. The record in that case shows that the trial court erroneously passed on the fact issue as to what was a reasonable attorney's fee, instead of submitting it to the jury. We recognize

the correctness of the authorities cited by appellant but think they are not applicable here. In the cited cases error was affirmatively shown by the record presented by the appellant; here it is not.

The judgment is affirmed.