# JUNE, 1946

CHARLES SCHWEIZER V. RICHARD W. ADCOCK ET AL.

No. A-780. Decided May 1, 1946.
Rehearing overruled June 5, 1946.
(194 S. W., 2d Series, 549.)

*J. J. Fagan,* of Dallas, for petitioner.

The Court of Civil Appeals erred in holding that because there was no statement of facts in the record that it must assume that the findings of the jury were the controlling issues which findings it adopted and therefore could not assume that Adcock's special defenses in bar of appellant's cause of action were supported by the evidence. and there being no issues of the pleaded defenses given or requested, such defenses were waived. Cochran County v. Boyd, 26 S. W. (2d) 365; Edinburg Irr. Co. v. Ledbetter, 247 S. W. 335; 34 C. J. 921.

*Sidney E. Dawson* and *W. L. Wray,* both of Dallas, for respondents.

Courts cannot take judicial knowledge of their own records in another and different case from the one under consideration, and a former case which did not state a cause of action cannot be plead in bar of one seeking a right of way by necessity. Amendiaz v. Serna, 40 Texas 291; Scott v. Clark, 38 S. W. (2d) 382; 17 Tex. Jur. 204.

MR. JUSTICE TAYLOR delivered the opinion of the Court.

On September 18, 1941, R. W. Adcock sued Charles Schweizer for damages for obstructing a designated roadway leading from Adcock's 29-acre tract of land and onto the Charles Schweizer land, alleged to furnish the only reasonable outlet leading to and from the Adcock's land to a public road; and for

injunction requiring Schweizer to abate the alleged obstructions and from molesting Adcock in the free use of the alleged roadway for ingress and egress to and from his land. Schweizer answered in that suit, among other things, that Adcock and others, prior to filing the suit, presented an application to the commissioners' court to establish a road giving ingress and egress to and from the 29 acres as provided by article 6711 of the revised statutes and that said application has not been acted upon. Upon trial of that cause the jury was instructed to return a verdict in favor of Schweizer, which was done on the 19th day of November, 1942, and judgment was accordingly rendered in his favor.

On May 8, 1945, R. W. Adcock, as next friend and guardian of Alton and Syble Adcock (the minor children of Adcock to whom he deeded the 29 acres subsequent to the termination of the first suit) filed this suit against Charles Schweizer and Lee Wood (alleged tenant of Schweizer) for damages for obstructing a roadway from their land over the Schweizer land, alleged to be the only reasonable outlet leading from the 29-acre tract to the public road; and for an injunction requiring defendants to abate the obstructions and from molesting the Adcocks in the free use of the roadway for ingress and egress to and from their land.

Schweizer and Wood pleaded in bar the suit filed in 1941 and attached and made a part of their pleas exhibits of purported copies of the pleadings and judgments in that suit. They interposed other special affirmative defenses not necessary to mention. By supplemental petition the Adcocks challenged the sufficiency of the affirmative pleas interposed by Schweizer and Wood and controverted their special defenses by alleging that the suit plead in bar by Schweizer and Wood did not allege a cause of action. They further alleged that if a cause of action was alleged in that suit it was on the basis of an easement by prescription and that the present suit is for a different cause of action, being based upon an easement by way of necessity. They pleaded also by exception the abandonment (for nonfeasibility) of the application of Adcock and others made to the commissioners' court for a roadway.

The case was tried on its merits. The jury findings were to the effect that there was no other "reasonably passable" way or road out of the Adcock land other than that then closed by Schweizer, and that $100.00 would reasonably compensate plaintiffs for pasture rent "from his not having a road cut out of

his tract of land." The Adcocks moved for judgment on the verdict. Schweizer and Wood moved for judgment non obstante veredicto. The trial court heard argument on both motions and after due consideration overruled the Adcock motion and rendered judgment non obstante for Schweizer and Wood. The Court of Civil Appeals reversed the judgment and remanded the cause with instructions. 190 S. W. (2d) 705.

The Court took note of the fact that the appeal was without a statement of facts, but reversed and· set aside the trial court's judgment, saying: "* * * and, in the absence of such statement of facts, we adopt the findings of the jury; hence cannot assume that 'appellee's affirmative special defenses in bar of appellants' cause of action were supported by evidence, there being no issues of the pleaded defenses given or requested; therefore such defenses were waived."

Writ of error was granted upon the application of Schweizer on the point alleging that the foregoing holding was error. Since we have concluded upon final consideration that the view entertained upon granting the writ is correct we do not reach, and hence do not discuss, the question whether the former suit is res adjudicata that respondents are not entitled to the roadway sued for. In fact it does not appear that that question was decided by the trial court.

When the trial court renders judgment on the verdict of a jury it will be presumed there was evidence to support the jury's findings. This follows from the fact that there is a general presumption in favor of the trial court's judgment. Commercial Credit Corporation v. Smith, 143 Texas 612, 187 S. W. (2d) 363; Scott v. Scott (Civ. App.), 116 S. W. (2d) 1163; Wedgeworth v. Smith (Com. App.), 213 S. W. 254. The reason for a presumption in favor of the jury findings no longer obtains when the trial court fails to render a judgment upon the findings and, as in the present case, renders a judgment notwithstanding the findings. Mutual Investment Corp. v. Hays (Com. App.), 59 S. W. (2d) 97; Eucaline Medicine Co. v,. Standard Inv. Co. (wr. ref.), 25 S. W. (2d) 259. The following statement in the Hays case is pertinent here:

"Tho hold otherwise would be to strike down a judgment by presumption. While a judgment, in the absence of the evidence upon which it was rendered, will be sustained by presumption, it will never be rendered invalid by presumption."

It will be noted in conclusion that the only points urged by the Adcocks in the Court of Civil Appeals complain that the trial court erred in sustaining defendants' plea of res adjudicta. The record does not show that such a plea was sustained. Special defenses were interposed by defendants and the record shows merely that trial court overruled plaintiffs' motion for judgment and sustained that of defendants. In the light of the record which appears to be as complete as respondents desired to make it, there is no basis upon which to set aside the trial court's judgment. In both trials the trial judges rendered their respective judgments in favor of defendants, the first upon an instructed jury verdict and the second notwithstanding the findings made by the jury.

The judgment of the Court of Civil Appeals is reversed and set aside and that of the trial court is affirmed.

Opinion delivered May 1, 1946.

Rehearing overruled June 5, 1946.