## C. A. LANE V. THE FAIR STORES, INCORPORATED.

No. A-3213. Decided November 7, 1951.
Rehearing overruled December 12, 1951.
(242 S. W., 2d Series, 683.)

*Bob Huff,* of Lamesa, *R. H. Munsterman,* of Levelland, for petitioner.

The Court of Civil Appeals erred in holding that as a matter of law the injuries to plaintiff's wife were not the natural and probable results of defendant's negligent act or ommission; and in holding that as a matter of law the issues answered were insufficient to support the judgment rendered. Darden v. Davies, 217 S. W. 2d 892; Parks v. Parnell, 135 Texas 182, 141 S. W. 2d 585; Ramsey v. Dunlop, 146 Texas 196, 205 S. W. 2d 979.

*R. Stansell*, of Lamesa, *Alvin R. Allison* and *Earl R. Allison*, both of Levelland, *Rice & Tobolowsky, Leachman, Matthews & Gardere,*, and *Henry D. Akin*, all of Dallas, for respondent.

On the proposition that the facts alleged and found did not constitute a cause of action. Rincon v. Berg Co., 60 S.W. 2d 811; Texas & Pac. Ry. Co. v. Bigham, 90 Texas 223, 38 S.W. 162.

MR. JUSTICE SMITH delivered the opinion of the Court.

This is a suit for damages brought by petitioner, C. A. Lane, against respondent, The Fair Stores, Inc., for injuries sustained by petitioner's wife, Mrs. Mamie Lane.

Trial was before a jury and its answers to special issues were the basis for the entry of judgment in favor of petitioner. On appeal, the judgment was reversed and remanded by the Court of Civil Appeals at Amarillo. 240 S.W. 2d 373.

The statement of facts was not tendered to the Court of Civil Appeals for filing until two hundred and thirty four (234) days after the trial court overruled respondent's motion for new trial.

■ The failure to comply with the provisions of Rule 386, Texas Rules of Civil Procedure, placed the case before the Court of Civil Appeals without a statement of facts. The statement of facts, therefore, cannot be considered on appeal.

The respondent predicated its appeal to the Court of Civil Appeals upon five points to-wit: (1) The error of the trial court in overruling its motion for an instructed verdict; (2) the error of the trial court in overruling appellant's motion for judgment non obstante veredicto; (3) the error of the trial court in not submitting to the jury an issue on contributory negligence raised by the pleadings and the *evidence*; (4) the error of the trial court in permitting recovery of $2,500 for future medical expenses in the absence of *evidence* to support it; (5) the error of the trial court in permitting appellee to recover $10,125.00 for past and future reduced capacity of his wife to discharge her duties as a housewife.

■ From an examination of the respondent's motion for instructed verdict, its motion for judgment non obstante veredicto and its motion for new trial, it is apparent the points stated cannot be considered without a statement of facts.

The Court of Civil Appeals held that the transcript revealed fundamental error in that, petitioner failed to allege a cause of action and that the pleadings and the findings of the jury in answer to special issues submitted were insufficient to support the judgment rendered by the trial court in favor of petitioner.

It further held that the immediate cause of injury was the conduct of the crowd and that respondent could not have reasonably foreseen or anticipated the chain of events leading to the resulting injury sustained by Mrs. Lane. With this holding we cannot agree.

The petition alleges that the respondent was the owner of a dry goods store located in the city of Levelland, Texas; that petitioner on or about June 16, 1949, was on the premises of respondent by invitation; that the manager of the store, while acting in the scope of his employment, had for several days conducted an advertising campaign to induce a large crowd to attend its opening sale; that the advertisements stated the doors would open at 9:00 A. M. and that a pair of fine hose would be given to each of the first three hundred persons entering the store on the morning designated; that in response and reliance upon said statement and promise, petitioner arrived upon the premises at about 8:30 A. M.; that at 9:00 A. M., the advertised opening hour, only a small crowd had congregated; "that immediately after 9:00 A. M. a great throng of prospective customers began assembling around the entrance of said store and that at 9:25 A. M. approximately four or five hundred people had congregated at the opening of said store. Plaintiff alleges a few minutes before the doors were actually opened, the crowd became impatient and started pushing and those in the back of the crowd began pushing forward in an attempt to get near the entrance of said door in order that they might be one of the lucky number to receive some free merchandise. Plaintiff alleges that defendant, well knowing the large crowd had assembled, and well knowing that they were pushing and crowding, and that said defendant, acting by and through its duly authorized agent, Mr. C. B. Dryden, the said Dryden having been in the clothing business for approximately 30 years and having had a vast amount of experience in handling large

throngs of people similar to the one in front of the Fair Store on this occasion, and said defendant well knowing the propensity of said crowd and well knowing that some of the prospective customers might be injured in the stampede, wholly failed and refused to police said crowd, but on the contrary held up the opening of the store approximately thirty minutes in order that his photographers could get pictures of this multitude of prospective customers who had assembled at his special request to get something for nothing, to-wit, a pair of ladies' hose. Plaintiff would show unto the Court that the defendant's premises are so constructed that the two entrances form a V shape and that the crowd toward the rear, by pushing and shoving, did force those situated where Mamie Lane was standing, to be pushed inside said store. He would further show that the entire front of said store was encased by glass and that there were no hand rails or objects for the prospective customers to hold to and he would further show that the floor of the premises is constructed of a slick, glazed tile that constituted a hidden defect and could not be discovered by an ordinary examination. Plaintiff alleges that had the defendant opened the doors at 9:00 A. M. on the scheduled time, that the crowd was so small that no injury would have been done but that by his refusal to open the door until approximately 9:30, that the crowd had grown so large that they stampeded the place with such force that as the defendant opened the doors of said building, the throng rushed in immediately and pushed the said Mamie Lane into the glass show case and door with such force that her right foot, leg and back were crushed, fractured and otherwise injured as will be more fully described hereinafter and that all of the injuries were proximately caused by the defendant corporation."

The petition further alleged that such acts and conduct constituted negligence and that such negligence was the proximate cause of the injuries sustained by Mrs. Lane.

■ Since the petitioner was on the respondent's premises by invitation, it was respondent's duty to exercise ordinary care and to take proper precautions to prevent her injury. The pleadings are sufficient to charge that the respondent was negligent. Greeley v. Miller's Inc., 111 Conn. 584, 150 Atl. 500. Under the pleadings in this case, petitioner was entitled to have the theory of liability alleged submitted to the jury.

The trial court in its charge defined "negligence" and "proximate cause". These definitions required the jury to

answer the issues submitted in the light of what would have been reasonably foreseen and anticipated by a person in the exercise of ordinary care under the attending circumstances.

In connection with such definitions, the Court submitted four special issues, as follows:

"1. Do you find from a preponderance of the evidence that Defendant's agents failed to properly police their said premises on the morning of June 17, 1949?

"2. Do you find from a preponderance of the evidence that the Defendant failed or refused to open the doors of said business at 9:00 A. M. on June 17, 1949?

"3. Do you find from a preponderance of the evidence that Defendants failed to rope off entrance for said sale on June 17, 1949?

"4. Do you find from a preponderance of the evidence that defendant failed to have its agents or employees properly police the entrance of their premises to keep the crowd from pushing and shoving?"

Each of such special issues was followed by an issue of negligence and proximate cause. All issues were answered in favor of petitioner.

■ In the absence of a statement of facts it must be presumed that sufficient evidence was introduced to support the findings of the jury and the judgment of the court. Schweizer, et al v. Adcock, et al, 145 Texas 64, 194 S.W. 2d 549.

■ If it requires an examination of the statement of facts to reveal error, then it is not fundamental error. Insurors Indemnity & Ins. Co. v. Associated Indemnity Corporation, et al, 139 Texas 286, 162 S.W. 2d 666, and cases there cited.

We have concluded that the pleadings stated a cause of action, and that the trial court properly submitted the issues to the jury. The answers of the jury to such issues were sufficient basis for the entry of the judgment in favor of petitioner. In the light of the charge, the jury has clearly determined that the acts of respondent were the proximate cause of the injury sustained by petitioner, and that the injury ought to have been foreseen as a natural and probable consequence thereof.

The judgment of the Court of Civil Appeals is reversed and set aside and that of the trial court is affirmed.

Opinion delivered November 7, 1951.

MR. JUSTICE WILSON dissenting.

I respectfully dissent from so much of the majority opinion as imposes a duty on a store owner to police the public.

Opinion delivered November 7, 1951.