■ We have concluded, however, in view of the punishment assessed, that the trial court did not abuse his discretion in failing to grant a new trial.

Finding no reversible error, the judgment of conviction is affirmed.

Opinion approved by the Court.

E. F. BAKER et al., Appellants,

v.

J. S. RUTHERFORD, Jr., Appellee.

No. 3380.

Court of Civil Appeals of Texas.

Waco.

Sept. 13, 1956.

Rehearing Denied Oct. 4, 1956.

Hancock & Hartman, Waxahachie, for appellants.

Griffith & Lumpkins, Waxahachie, for appellee.

McDONALD, Chief Justice.

Plaintiffs Baker and Lumpkin sued defendant Rutherford, alleging defendant had breached his contract with plaintiffs, and seeking to cancel such contract. Defendant denied any breach of contract and filed a cross action for $900.

Plaintiffs Dr. Baker, Col. Lumpkin, and Mrs. Lumpkin owned adjacent tracts of land near Ennis, Texas. In February 1953 they entered into a contract for the development of these two tracts into a subdivision. The contract provided that defendant Rutherford should be sponsor for the subdivision which was defined to mean that he would obtain FHA and VA. approval for loans on lots of the subdivision, would act as liason man with all government agencies and was to be responsible for the orderly development of the subdivision. Defendant accepted his duties under the contract and was to receive as compensation $50 for each lot sold. The contract was for a term of five years with provisions for extensions under certain conditions.

Plaintiffs alleged breach of this contract by defendant; sought damages for such breach, and for a cancellation of the contract.

Defendant answered denying any breach of the contract by him, alleged that plaintiffs had breached their agreement to furnish money for paving, water, sewer and other facilities, and so had made development of the subdivision impossible, and asked that defendant's right to compensation under said contract be confirmed. Defendant, by cross action, asked for $900 expended by him for the purchase of a land planner's map of the subdivision.

Trial was before a jury, which, in answer to special issues, found: 1) defendant had not breached his contract; 2) that plaintiffs had refused to perform their obligations under the contract; and 3) that plaintiffs had agreed to reimburse defendant for the $900 spent by defendant for the map.

The Trial Court entered judgment that 1) the plaintiffs take nothing; 2) that the defendant have judgment against plaintiffs for $900; and 3) that the parties having treated the contract at an end, and in court's view of substantial justice the same is hereby cancelled and held for naught.

Plaintiffs made a motion for a new trial, which was overruled; defendant made no motion for a new trial.

The plaintiffs appeal from that portion of the judgment awarding defendant judgment for $900 against them. Defendant appeals from that portion of the judgment finding that "the parties treated the contract at an end and in court's view of substantial justice cancelling same."

We will discuss the appeal presented by the plaintiffs first. Plaintiffs sued to cancel their contract with defendant. Defendant opposed such cancellation, and cross complained for $900 which he alleged he spent for a planner's map for the subdivision and which he alleged plaintiffs agreed to reimburse him for. The jury found that plaintiffs did agree to reimburse defendant for the $900 which defendant paid for the making of the planner's map. Plaintiffs say the court erred in awarding defendant judgment against them for $900 because it is contended that there is a fatal variance between the pleadings and the supporting proof. Plaintiffs contend that the proof shows that Rutherford Mortgage Company, a corporation, advanced the $900, and not J. S. Rutherford, an individual.

■■ The record discloses that payment of the $900 for the planning maps was made to the firm which prepared them by a check drawn on the account of "Rutherford Mortgage Company" and signed by J. S. Rutherford. J. S. Rutherford testified that he had paid the $900 for the map with his own money. Rutherford further testified that the Rutherford Mortgage Company was only a "tool of my use." The jury found that "plaintiffs agreed to reimburse defendant for the sum of $900 that defendant

paid for the making of a map." We think that the evidence in the record sustains the finding of the jury and conclusively establishes that the $900 with which payment was made was the money of Rutherford. The very most that might be said for plaintiffs' contention is that the evidence raised an issue that the $900 was the money of Rutherford, and since plaintiffs did not request that this issue be submitted to the jury, it is presumed that the Trial Court found such issue to support the judgment entered. From the foregoing it follows that plaintiffs' contentions are overruled.

Defendant appeals from that portion of the judgment finding that the parties treated the contract at an end and in court's view of substantial justice cancelling same. Defendant contends that such judgment by the court cancelling the contract on the ground that the parties treated said contract at an end 1) is not supported by the pleadings and/or the verdict of the jury; 2) is based upon a new and independent ground of relief not conclusively established by the evidence; 3) is not an issue tried by express or implied consent of the parties.

The record in this case contains a Transcript and a partial Statement of Facts, namely, the testimony of the defendant Rutherford. Only two of some 36 exhibits introduced in evidence in the case are reproduced and none of the testimony of the three plaintiffs or of any of the other witnesses in the case except that of the defendant Rutherford is in the Statement of Facts or before this court. The partial Statement of Facts before the court was furnished by the plaintiffs in connection with their appeal from the $900 judgment rendered against them. The defendant has furnished no further Statement of Facts, as he had a right to furnish and indeed as it was his duty to furnish, but contends that the partial Statement of Facts brought forward by plaintiffs is sufficient to sustain his contentions on this appeal.

■ Rule 279, Texas Rules of Civil Procedure, provides that upon appeal all inde-

pendent grounds of recovery or of defense not *conclusively* established under the evidence and upon which no issue is given or requested shall be deemed as waived. The Trial Court's finding on the issue of rescission, or whether the parties "treated the contract at an end," since not being submitted or requested, must be deemed as waived, unless such be conclusively established by the evidence in the case. The Trial Court, having made such finding and judgment, regarded the matter as being conclusively established by the evidence.

In the absence of a Statement of Facts it must be presumed on appeal that sufficient evidence was introduced to support the findings and judgment of the Trial Court. Lane v. Fair Stores, 150 Tex. 566, 243 S.W.2d 683; Schweizer v. Adcock, 145 Tex. 64, 194 S.W.2d 549. Further, it is only in exceptional cases that an appellant is entitled to a reversal in the absence of a Statement of Facts, and every reasonable presumption consistent with the record will be indulged in favor of the correctness of the judgment. Gill v. Willis, Tex.Civ.App., 282 S.W.2d 88; Houston Fire & Cas. Ins. Co. v. Walker, 152 Tex. 503, 260 S.W.2d 600.

Defendant's brief says: "In the instant case plaintiffs did not plead or ask for rescission. * * * No issue regarding rescission of the contract was submitted to the jury. Plaintiffs did not request any issue. * * * This leaves the only inquiry under Rule 279 as to whether rescission was conclusively established by the evidence. Defendant contends that it was not." Defendant then sets up excerpts from the testimony of J. S. Rutherford in the partial Statement of Facts, which it is contended firmly controverts any contention of rescission by oral agreement and controverts any contention or presumption that rescission was conclusively established by the evidence in the case.

From the authorities cited and the rules of law announced by them we see that in the absence of a Statement of Facts (which it was the duty of defendant to provide and which he could have provided), we must indulge every presumption in favor of the Trial Court's judgment. We have carefully examined the partial Statement of Facts before us and each item pointed out by defendant as supporting his contention that the evidence cannot conclusively establish a rescission, and from such examination we cannot say that rescission was not conclusively established by the evidence as a whole, or that the presumptions which we are bound under the cited authorities to indulge in support of the judgment have been overcome.

As noted, the partial Statement of Facts is the testimony of but one witness, whereas none of the testimony of the three plaintiffs, nor of other witnesses, nor any of the some 36 exhibits, is included therein. Had the complete Statement of Facts been presented, as the defendant had a right to do, it might have been as impressive to this court as it apparently was to the Trial Judge. In any event we cannot say that the partial Statement of Facts presented establishes that rescission was not conclusively supported by the complete evidence in the case, or that the judgment of the Trial Court is in error.

From what has been said it follows that the defendant's contentions are overruled.

Costs in this court are adjudged one-half against each party, with the exception of charge for preparation and filing of the partial Statement of Facts, which is adjudged against plaintiffs Baker and Lumpkin.

The judgment of the Trial Court is affirmed.