Clifford C. MUGRAGE et al., Appellants,

v.

TEXAS EMPLOYERS' INSURANCE ASSOCIATION et al., Appellees.

No. 3480.

Court of Civil Appeals of Texas.

Waco.

June 20, 1957.

Musick, Musick & Heath, Houston, for appellants.

Dawson & Dawson and Chas. L. Price, Corsicana, Strasburger, Price, Kelton, Miller & Martin, Dallas, for appellees.

**McDONALD, Chief Justice.**

This is an appeal from a summary judgment that plaintiff take nothing. The case originated as a compensation case, and in the alternative a personal injury suit. Parties will be referred to as in the Trial Court. Clifford Mugrage brought suit on behalf of his minor son, Joe Vernon Mugrage, alleging that his son was *"working on the job for Associated Developers and/or Erwin-Beasley Company or T. W. Cantrell, and was injured on the job * * *."* Texas Employers' Insurance Association is the insurance carrier for Associated Developers and Traders and General Insurance Company is the insurance carrier for Erwin-Beasley Company. Thereafter Associated Developers and its insurance carrier, Texas Employers' Insurance Association; and Erwin-Beasley Company and its insurance carrier, Traders and General, filed motions for summary judgment that plaintiff take nothing as to them because he was not an employee of either movant but an employee of T. W. Cantrell at the time of his injury. Defendants' motions were based on the plaintiffs' and defendants' pleadings, the deposition of plaintiff Clifford Mugrage and of plaintiff Joe Vernon Mugrage, as well as of some seven sworn affidavits. Defendants' motions contended that the motions and evidence presented therewith showed as a matter of law that Joe Vernon Mugrage was an employee of the defendant T. W. Cantrell at the time of his injury, and not an employee of either of the movants.

The plaintiff Clifford Mugrage filed a sworn answer and opposition to defendants' motions for summary judgment, pertinent parts of which are quoted:

"My name is Clifford C. Mugrage. I am plaintiff in the above styled cause. I am suing in that case for the use and benefit of my minor son, Joe Vernon Mugrage, and

## 1.

"There are no matters of law to be determined by this Honorable Court and there has been no evidence established by deposition or otherwise to allow the court to rule on this case as a matter of law. A fact situation exists and should be adjudicated by the jury, in that it is definitely a fact situation as to whom this plaintiff was working for at the time of his injuries, and Texas Employers Insurance Association has even admitted in their motion for summary judgment that some of the defendants * * * were doing business as Associated Developers * * *. A jury fee has been paid on this case and a request that the case be tried before the jury, and therefore a fact situation exists and should be adjudicated by the jury.

## 2.

"The insurance companies and all of the defendants have failed and refused to stipulate any matters whatsoever in the compensation or liability case; therefore making every point of proof of fact situation to be adjudicated by the jury.

## 3.

"The same thing applies to the motion of Traders and General Insurance Company, and they even set up that Erwin and Beasley were the employers, and there is an adjudication by the Industrial Board that Erwin and Beasley of Corsicana, were on this particular job covered by a Workmen's Compensation policy issued by Traders and General Insurance Company, making a fact situation as to who employed the plaintiff's minor son.

## 4.

"The defendants, in their affidavits, neglected to send plaintiffs' attorney copies of any other affidavits except Erwin Beasley, and Cantrell, and there-fore plaintiff does not have proper notice of such affidavits and is in no position to answer such affidavits, and therefore their motion for summary judgment should be overruled. * * *"

Thereafter the Trial Court set the motions down for hearing and notice was given all parties. The plaintiffs' counsel failed to appear at the hearing. At the hearing defendants presented oral testimony of witnesses as well as documentary evidence. The Trial Court granted the motions for summary judgment. Thereafter the plaintiffs made motion for rehearing of the order granting the summary judgment, which was by the Trial Court overruled.

Plaintiffs appeal, contending: 1) The Trial Court erred in granting motion for summary judgment for the defendants, because a fact situation certainly existed, and it was backed up by affidavits, and all the pleadings of the plaintiffs, in that this case was both a common law negligence and Workmen's Compensation case; 2) The Trial Court erred in granting such motions when plaintiffs' counsel were absent in the trial of another case in another court and no competent counsel remained in plaintiffs' attorney's firm to represent the plaintiffs on argument of such motions.

Plaintiffs have brought forward no statement of facts and only a partial transcript. Omitted from the transcript are the two depositions and the seven sworn affidavits.

■■ It is well settled law that in the absence of a statement of facts and transcript (which it is the duty of the party appealing to bring forward), that it must be presumed on appeal that sufficient evidence was introduced to support the findings and judgment of the Trial Court. Lane v. Fair Stores, 150 Tex. 566, 243 S.W.2d 683; Schweizer v. Adcock, 145 Tex. 64, 194 S.W.2d 549. Further, it is only in exceptional cases that an appellant is entitled to a reversal in the absence of a statement of facts, and every reasonable presumption consistent with the record will be indulged in favor of the correctness of

the judgment. 3-A Tex.Jur. Sec. 391; Gill v. Willis, Tex.Civ.App., 282 S.W.2d 88; Houston Fire & Cas. Ins. Co. v. Walker, 152 Tex. 503, 260 S.W.2d 600; Baker v. Rutherford, Tex.Civ.App., 293 S.W.2d 669, W/E Ref.NRE. The foregoing rules of law are applicable to summary judgment cases. Salmon v. Fidelity Bank & Trust Co., Tex.Civ.App., 258 S.W.2d 837; Haley v. Nickels, Tex.Civ.App., 235 S.W.2d 683; Reese v. Davitte, Tex.Civ.App., 255 S.W.2d 1015.

In the case at bar there is an absence not only of the testimony taken on the trial of the cause, but an absence of the two depositions and seven affidavits made a part of the motions for summary judgment. It was the duty of the plaintiffs to provide this court with such, and in their absence we cannot say that the Trial Court erred in granting the summary judgment.

Further to what has been said, we note that plaintiffs' affidavit in opposition and answer to the motions for summary judgment is itself deficient. It nowhere states as a fact that Joe Vernon Mugrage was employed by movants at the time of his injury or that he was not in the employ of T. W. Cantrell at such time. The affidavit simply alleges that a fact situation exists which should be adjudicated by a jury. It does not contain a single statement admissible in evidence on the point of young Mugrage's employment, but simply contains conclusions of law which have no probative force. An affidavit in answer to motion for summary judgment must set forth facts based on personal knowledge which refute the matters set up in the motion—if such affidavit is to prevent the granting of the motion and make for a factual issue which must be determined on the merits of the case. See: Ragsdale v. McLaughlin, 285 S.W.2d 467, Tex.Civ.App., Er.Dist.; Rule 166-A(e) Texas Rules of Civil Procedure; Richards v. Smith, Tex. Civ.App., 239 S.W.2d 724, Er.Dis.NRE; Sparkman v. McWhirter, Tex.Civ.App., 263 S.W.2d 832, Er.Ref.; Statham v. City of

Tyler, Tex.Civ.App., 257 S.W.2d 742, Er. Ref.NRE.

It follows 1) because plaintiffs (appellants) have not brought forward a statement of facts and a complete transcript, an 2) further because plaintiffs' affidavit in opposition to the motions for summary judgment is insufficient, that plaintiffs' points are overruled and the judgment of the Trial Court is

Affirmed.