**J. C. HAWKS et ux. (Ex parte Johnny Ray Davis), Appellants,**

v.

**Sam DAVIS, Chief Probation Officer, Dallas County, Texas, Appellee.**

**No. 6152.**

Court of Civil Appeals of Texas.

Beaumont.

Nov. 14, 1957.

Earl R. Parker, Dallas, for appellants.

Henry Wade, Cr. Dist. Atty., Dallas, Beth J. Wright, A. George Biggs and John B. Webster, Asst. Dist. Attys., Dallas, for appellee.

HIGHTOWER, Justice.

This cause was transferred to this court from the 5th Supreme Judicial District by the Supreme Court of Texas.

On the 26th day of July, 1956, Ronda Connelly, also known as Ronda Davis, and her brother, Richard Dale Connelly, also known as Richard Dale Davis, were, by the Juvenile Court of Dallas County, Texas, found and adjudged to be dependent and neglected children under and by the provisions of Title 43 of the Rev.Civ.Stats. of Texas. This judgment recited the appearance and announcement of ready, at the hearing by the natural mother of the children. The matter of the children's father is of no concern herein. By this judgment the children were declared to be wards of the court and placed in the care and custody of the Chief Probation Officer of Dallas County. This judgment is conceded to be, on its face, valid and binding in every respect.

On the 5th day of October, 1956, the appellants herein, Mr. and Mrs. J. C. Hawks, as next friends, filed their petition, styled, "Bill of Review to set aside dependency, etc.," in the aforesaid Juvenile Court. They alleged that the aforesaid judgment of the Juvenile Court was void or voidable for several reasons which we will not discuss by reason of our disposition of this appeal. Suffice it to say that it is our opinion that the judgment was not voidable under any of the allegations of the petition. In the alternative they requested that the court modify its previous judgment and place the custody of the children in the petitioners. In such connection, they alleged that one of the children had resided in their home for a "long time" where they had provided for it and the other child had for a "long time" been a frequent and welcome visitor in their home. Generally, they alleged their home to be a proper and suitable one for said children. To this petition the appellee interposed a plea in abatement requesting the appellants' motion be dismissed, some of the pertinent grounds in support thereof being: "(a) that the petitioners are not proper parties to the suit in that they have no justiciable interest therein; (b) petitioners are not proper parties to the suit in that they are not 'interested' persons within the meaning of Article 2337, Vernon's Annotated Civil Statutes; (c) petitioners are not 'next friends' of the minor children within the meaning of R.C.P. 44, Vernon's Annotated Civil Statutes, Sec. 1994." Appellee also alleged several other grounds for dismissal or abatement of the appellants' petition, together with numerous special exceptions, all of which we think were properly sustained but which could have been cured by proper amendments.

After hearing the evidence and arguments of counsel for both parties relative to appellee's plea in abatement, the court

rendered judgment that the petitioners were not proper parties in the suit, as they had no justiciable interest therein. It further held appellee's plea in abatement to be in all things sustained. The judgment further recited the denial by the court for petitioners leave to amend and proceeded to dismiss the case at the cost of the petitioners with prejudice.

Appellants refer to Art. 2331, Revised Civil Statutes, as providing that "any person who is a resident of the county, having knowledge of a child in his county who appears to be a 'dependent' or 'neglected' child may file with the district clerk of his county a written petition, setting forth the facts constituting the child 'dependent' and 'neglected;' * * *." Conversely, therefore, they contend that any person who is a resident of the county in which said child has been declared dependent and neglected, in these circumstances, has a right to file an answer or pleading setting forth that the child was not a dependent or neglected child and should not have been so declared, and have such proceedings set aside on the grounds specified. They also refer to Articles 2334 and 2337, Revised Civil Statutes, relative to proceedings of this nature as sustaining their right to be heard on their petition. These last two articles relate solely to the institution, in the first instance, of proceedings to declare a child dependent and neglected. They have no bearing on subsequent proceedings, such as the case at bar, wherein it is sought to readjudicate a previous determination of the question. In substance, they simply provide that upon the institution of proceedings to declare a child dependent and neglected, "any person interested in such case may appear therein and may be represented by counsel, and may demand a jury as in other cases * * *."

We have no statement of facts before us, but by stipulation of the parties the record is supplemented by a written agreement between appellant, Mrs. J. C. Hawks, and a Dallas County Probation Officer which is styled, "Boarding Home Agreement" dated June 28, 1955. This agreement provides that Mrs. Hawks will furnish boarding home care to children who might be placed in her care and supervision by the Dallas County Juvenile Department for the sum of $33.00 per month paid to her for each child so placed. It was declared and alleged in appellants' petition that the Probation Office of Dallas County "had approved said home (appellants) by permitting one of said children to reside therein a long period of time * * *, and fully recognized said home as being a fully satisfactory place for said children, and further knew or should have known that in the event said children remained in said home they would not be dependent and neglected children." Appellants assert no other material claims of their right to a hearing in the matter. They do not allege to stand in loco parentis to the children. It is not contended that the Chief Probation Officer of Dallas County was not the legal guardian of the children at the time that petitioners alleged them to be in their home.

We cannot agree with the appellants' construction placed upon the above mentioned Articles of the Revised Civil Statutes as conferring upon themselves the absolute right to intercede in matters of this nature at the stage which appellants sought to enter the proceedings. Conceding, however, that the trial court could in its discretion, looking solely to the best interest and welfare of the children, properly reopen a matter of this nature on the petition of any member of the public, we hold that a failure to do so in these circumstances was proper and not an abuse of the court's discretion. The parties stipulated, as recited in the judgment, "(1) that the counsel for the parties agreed and stipulated that there was no change in conditions or circumstances as to the children here involved, and that, (2) it was further stipulated and agreed that the children here involved have been placed for adoption by the Chief Probation Officer of Dal-

las County, respondent herein," this, prior to the filing of appellants' petition. The appellants were not related by any ties of blood, marriage or adoption to the children. The stipulation relative to adoption must have necessarily caused the trial court to conclude that innocent third parties would be deprived of their privileges of adoption should the appellants' request as contained in their petition be granted.

The appellants could not conceivably show, in the circumstances, a justiciable interest in themselves in the cause of action assert had they been permitted to amend, and the request for leave to amend was properly denied. McDonald's Texas Civil Practice, Vol. 3, pg. 880 and cases cited therein.

We conclude that the trial court correctly determined the appellants to have no justiciable interest in the circumstances and correctly dismissed their asserted cause of action. Kelly v. Page, Tex.Civ.App., 186 S.W.2d 735; Green v. Green, Tex.Civ.App., 247 S.W.2d 583. The judgment of the trial court is affirmed.