**C. B. QUALIA, Appellant,**

v.

**SOUTHERN FARM BUREAU INSURANCE COMPANY, et al., Appellees.**

**No. 6797.**

Court of Civil Appeals of Texas.

Amarillo.

Sept. 29, 1958.

Rehearing Denied Oct. 27, 1958.

Boling & Griffith, Lubbock, for appellant.

Crenshaw, Dupree & Milam, Lubbock, for appellees.

CHAPMAN, Justice.

This appeal is based on appellant C. D. Qualia's contention that he was entitled to a judgment notwithstanding the verdict and that the trial court erred in refusing to submit some 31 requested issues. He sought recovery for fire damages to his building rented to appellees.

The case was submitted to the jury upon questions inquiring if some employee of

one of the appellees, Southern Farm Bureau Insurance Company and Lubbock County Farm Bureau left a hot plate burning in the office of appellees the night before the fire; if such act constituted negligence that was the proximate cause of the damages; and what was the amount of the damages. The jury found some employee of one of the appellees left the hot plate burning in the office of defendants the night before the fire but that doing so was not negligence. Since the issue of proximate cause was based first on a finding of negligence the jury did not answer said issue of proximate cause nor the question on damages.

■ This case is before us without a statement of facts. The record that is before us shows that if the 31 issues were requested they were tendered en masse, in one instrument. The record does not show they were presented to and refused by the trial court. Under this state of the record concerning such issues the authorities are clear that reversible error is not shown. Dakan v. Humphreys, Tex.Civ.App., 190 S.W.2d 371; Gowan v. Reimers, Tex.Civ. App., 220 S.W.2d 331; Ramsey v. Polk County, Tex.Civ.App., 256 S.W.2d 425; Rules 272 and 276 Texas Rules of Civil Procedure.

The only other point urged by appellant is that he was entitled to a judgment upon the one question answered affirmatively, to the effect that some employee of one of the appellees left a hot plate burning in the office of appellees. He asserts he is entitled to judgment despite the fact that the jury answered such act was not negligence. The record shows the court defined negligence and proximate cause, including the element of foreseeability.

■ From the record in this case, before appellant can properly discharge the burden placed on him to show his right to recovery he would first have to connect in some manner one or both of the appellees with the leaving of the hot plate burning, which he has not done in the rec-

ord that is before us. Additionally, we believe he would have to negative the jury finding that it was not negligence for one of the defendant's employees to leave the hot plate burning. He attempts to comply with this burden by referring us to certain pages in the statement of facts and to "many physical exhibits and photographs," yet he has brought neither the statement of facts nor the exhibits forward to us. Our Supreme Court has held that in the absence of a statement of facts it must be presumed that sufficient evidence was introduced to support the findings of the jury and the judgment of the court. Lane v. Fair Stores, Inc., 150 Tex. 566, 243 S.W.2d 683; Schweizer v. Adcock, 145 Tex. 64, 194 S.W.2d 549. This follows from the fact that there is a general presumption in favor of the trial court's judgment. Schweizer v. Adcock, 194 S.W.2d 549; Commercial Credit Corporation v. Smith, 143 Tex. 612, 187 S.W.2d 363. This presumption does not obtain when the trial court fails to render a judgment upon the findings. Schweizer v. Adcock, 194 S.W.2d 549; Mutual Inv. Corporation v. Hays, Tex.Com.App., 59 S.W.2d 97. To hold otherwise would be to strike down a judgment by presumption. Schweizer v. Adcock, 194 S.W.2d 549.

There is nothing in the record before us showing what caused the fire and resulting damages, there is nothing to show who placed the hot plate in the building or why, or the knowledge on the part of either of the appellees that it was in there or that any of the employees had authority from either of the appellees to place it in there.

Appellant did not even move for an instructed verdict at the close of the evidence.

It is said in 3a T. J., Section 480 pp. 617, "If there is no statement of facts, findings of fact by the jury, * * * are conclusive, and will not only be accepted as correct, but will also be adopted by the appellate court as its conclusions of fact."

For the reasons stated the judgment of the trial court is in all things affirmed.