**FIRST NATIONAL LIFE INSURANCE CO.,**
Appellant,

v.

Clint HERRING, Appellee.

No. 3600.

Court of Civil Appeals of Texas.

· Waco.

Nov. 6, 1958.

Rehearing Denied Nov. 26, 1958.

**120**

Arthur N. Bishop, Jr., Dallas, for appellant.

Andrew Campbell, Hamilton, for appellee.

McDONALD, Chief Justice.

This is a suit on a policy of hospitalization insurance brought by plaintiff Clint Herring against defendant Insurance Company to recover benefits allegedly due to him under such policy. Plaintiff filed his original petition on *13 March 1958*. On *26 March 1958* defendant filed its original answer and motion to dismiss. Such answer contained some eight exceptions to plaintiff's original petition, together with a motion to dismiss. On *5 May 1958* plaintiff filed his first amended original petition, which largely met the objections levelled in defendant's original answer. In such first amended petition plaintiff alleged that defendant had issued him a hospital and medical policy; that premi-

ums on same had been paid; that such policy was in full force and effect; that he was injured by being gored by a bull; was hospitalized as a result thereof, incurring expenses covered by the policy in the amount of $187.20. Plaintiff plead for 12% statutory penalty (Article 3.62, Insurance Code V.A.C.S.) in the amount of $22.46; and reasonable attorney's fees in the amount of $125. (Plaintiff attached a photostatic copy of the insurance policy and copies of his hospital and medical bills as exhibits.)

The cause was set for trial in the County Court on *22 May 1958*. On the morning of *22 May 1958*, at 9:00 A.M., defendant filed its first supplemental answer, in which it plead as a defense an alleged misrepresentation by plaintiff as to whether or not he had mental defects in his application for the policy; and plead a general denial. Plaintiff filed motion to strike the first paragraph of the foregoing supplemental answer which plead the defense of misrepresentation by plaintiff, on the ground that it was not filed within seven days of the date of trial, as prescribed by Rule 63, Texas Rules of Civil Procedure, and that it came as a surprise to plaintiff. The Trial Court heard such motion and ordered the first paragraph of defendant's supplemental answer relating to the alleged misrepresentation by plaintiff, stricken. Defendant made no objection or exception to the action of the Trial Court, and brought forward to this court no bill of exception. Trial proceeded to a jury. At the close of the evidence both parties moved for an instructed verdict. The Trial Court granted plaintiff's motion for instructed verdict, and thereafter rendered judgment:

"* * * being of the opinion that the facts and allegations as contained in plaintiff's First Amended Original Petition were undisputed and uncontroverted and that there was a valid policy of insurance issued by defendant to plaintiff, in effect at all times material to this suit, and that

plaintiff sustained injuries requiring hospitalization and medical treatment within the terms of said policy, and that all prerequisites to the payment of his claim against defendant have been complied with, and that the hospital and medical services rendered were reasonable and necessary, without dispute or contradiction. And the court finding that the attorneys for both plaintiff and defendant stipulated into the record in said cause that the sum of $125.00 was a reasonable charge for the services rendered by plaintiff's attorney, and the court finding and being of the opinion that there was no disputed issues of fact to be passed on by the jury (instructed verdict for plaintiff) * * * It is therefore ordered, adjudged and decreed * * * that plaintiff have and recover from defendant * * * the sum of $187.20, together with the further sum of $22.46 representing 12% damages. It is further ordered that plaintiff recover * * * $125.00 as attorney's fees."

Defendant appeals to this court and has caused transcript to be filed herein. There was no Court Reporter at the trial of this case, and defendant has not secured Findings of Fact from the Trial Judge (other than those set forth in the judgment), nor has defendant brought forward any agreed Statement of Facts or any Statement of Facts approved by any source.

Defendant appeals, contending that the Trial Court erred:

1) In refusing to admit defendant's first supplemental answer which presented a good defense.

2) In sustaining plaintiff's exception pleading surprise.

3) In sustaining plaintiff's motion for a directed verdict.

4) In failing to provide an official Court Reporter.

5) In making no entries on the docket sheet.

6) In entering judgment reciting that the pleadings were read to the jury when in fact they were not; and the reading was not waived.

7) In entering judgment reciting that the reasonableness of the hospital and medical services was undisputed when in fact they were disputed and and the reasonableness was not proved.

8) In entering judgment reciting there was no uncontroverted material fact issue and that plaintiff had sustained the burden of proof.

9) In granting attorney's fees amounting to 73% of the damages alleged in plaintiff's pleadings, such being excessive.

10) In adjudging a 12% penalty against defendant herein, such being a taking of property without due process, in violation of the United States and Texas Constitutions.

We revert to defendant's 1st and 2nd contentions, which complain of the Trial Court's action in sustaining plaintiff's motion to strike the first paragraph of defendant's first supplemental answer, which alleged as a defense that plaintiff was guilty of a misrepresentation in his application for the insurance in question, in that he failed to state that he had mental defects; and that had defendant known of same it would not have issued the policy to the plaintiff.

■ Plaintiff's original petition was filed on 13 March 1958, defendant's original answer was filed on 26 March 1958 and contains none of the allegations relative to the misrepresentation. On 22 May 1958 at 9:00 A.M., the date and hour set for the trial of the cause, defendant filed its supplemental answer. Rule 63, TRCP provides that parties may amend their pleadings but may not amend within seven

days of the date of trial except by leave of the Trial Judge, which leave shall be granted unless there be a showing that such amendment will operate as a surprise to the opposite party.

Defendant made no objection or exception to the ruling of the Trial Court; made no bill of exception; and objects for the first time to the Trial Court's action in its brief filed in this court. There is no Statement of Facts before this court, nor any other record, tending to show diligence on the part of defendant in attempting to amend, or any other circumstances which might reflect an abuse of discretion on the part of the Trial Court.

■ The allowance of the amended pleading in the case at bar was discretionary with the Trial Court. The court's ruling is presumed correct and is subject to review only on a showing of abuse of discretion. There is not only no showing of abuse of discretion on the part of the Trial Court, but no record of objection, exception, or other action to preserve the error, if such were error. Certainly there is no showing here that such was error. See: Coffey v. Fort Worth & Denver Ry., Tex.Civ.App., 285 S.W.2d 453 (no writ history); O'Meara v. Saunders, Tex. Civ.App., 199 S.W.2d 689, writ ref. NRE; Dyche v. Simmons, Tex.Civ.App., 264 S. W.2d 208, writ ref. NRE.

■ Further, while motion for new trial was not required in this case as a prerequisite to appeal (Rule 324, TRCP), motion for new trial raising the point, *was* a prerequisite to complaining on appeal of the trial court's ruling on the preliminary motion involved. Rule 325, TRCP. Defendant did not object or except to the Trial Court's ruling, and made no motion for new trial bringing to the Trial Court's attention the alleged error. Such alleged error has not been preserved for review on appeal. City of Fort Worth v. Hill, Tex.Civ.App., 306 S.W.2d 817, W/E Ref. NRE; Harmon v. City of Dallas, Tex.

Civ.App., 229 S.W.2d 825, W/E Ref. NRE; City of Corpus Christi v. Gregg, 155 Tex. 537, 289 S.W.2d 746; Lewis v. Texas Employers Ins. Ass'n, 151 Tex. 95, 246 S.W.2d 599. Contentions 1 and 2 are overruled.

Defendant's 3rd, 6th, 7th, 8th and 9th contentions complain of matters which can only be verified by a Statement of Facts. Defendant has brought forward no Statement of Facts.

■ In the absence of a Statement of Facts it must be presumed on appeal that sufficient evidence was introduced to support the findings and judgment of the Trial Court. Lane v. Fair Stores, 150 Tex. 566, 243 S.W.2d 683; Schweizer v. Adcock, 145 Tex. 64, 194 S.W.2d 549. Further, it is only in exceptional cases that an appellant is entitled to a reversal in the absence of a Statement of Facts, and every reasonable presumption consistent with the record will be indulged in favor of the correctness of the judgment. Gill v. Willis, Tex.Civ.App., 282 S.W.2d 88; Houston Fire & Casualty Ins. Co. v. Walker, 152 Tex. 503, 260 S.W.2d 600; Baker v. Rutherford, Tex.Civ.App., 293 S.W.2d 669, W/E Ref. NRE; Smith v. Ansley, Tex.Civ.App., 257 S.W.2d 156, W/E Ref. NRE; Amberson v. Wheeler, Tex.Civ. App., 312 S.W.2d 438; Sisk v. Glens Falls Indem. Co., Tex.Civ.App., 310 S.W.2d 118; Hawks v. Davis, Tex.Civ.App., 307 S.W.2d 121; Mugrage v. Texas Employers Ins. Ass'n, Tex.Civ.App., 304 S.W.2d 189, W/E Dism'd.; Malone v. Pioneer Bus Co., Tex.Civ.App., 315 S.W.2d 311, W/E Ref. NRE; 3A Tex.Jur., pp. 486 et seq.

From the authorities cited, we see that in the absence of a Statement of Facts (which it was the duty of the defendant to provide) we must indulge every presumption in favor of the Trial Court's judgment, and a reversal will not be ordered unless it appears that upon no possible state of the case could the ruling be

upheld. Contentions 3, 6, 7, 8 and 9 are overruled.

■ Defendant in its 4th contention says that the Trial Court erred in failing to provide an official Court Reporter. This case was in the County Court. It is not shown that defendant ever asked for a Court Reporter, or made any complaint of the failure of the Court to furnish one. Defendant made no application for a Court Reporter as required by Article 2327, R.C.S., and complains for the first time of the absence of a Court Reporter in this court. Under such circumstances, contention 4 presents no error, and is overruled. See: Lindsey v. Caston, Tex.Civ. App., 118 S.W.2d 843 (no writ history); Taylor v. Grant & Lovejoy, Tex.Civ.App., 7 S.W.2d 610, W/E Ref.; Universal Life Ins. Co. v. Larremore, Tex.Civ.App., 32 S.W.2d 964, W/E Dis.

■ Defendant's 5th contention is that the Trial Court erred in making no entries on the docket sheet. The Trial Court entered its judgment in the Minutes of the court. Rule 20, TRCP. The making of entries on the docket sheet is primarily the duty of the clerk. Rule 26, TRCP. Contention 5 is overruled.

■ Defendant's 10th contention is that the Trial Court erred in adjudging a 12% penalty against defendant herein, such being a taking of property without due process in violation of our Federal and State Constitutions. Article 3.62, Vol. 14, V.A.T.S., provides for a 12% penalty. This article was formerly Article 4736, R.C. S. and was brought forward into the new Insurance Code without change. The constitutionality of this statute is upheld by Pacific Mutual Life Ins. Co. of California v. Berryhill, Tex.Civ.App., 69 S.W. 2d 784, W/E Ref., and many other cases rendered prior thereto. Contention 10 is overruled.

It follows that the judgment of the Trial Court is affirmed.