**Lillian Edith BROWN, Appellant,**

v.

**AMERICAN AUTOMOBILE INSURANCE COMPANY, Appellee.**

No. 4503.

Court of Civil Appeals of Texas.

Waco.

June 23, 1966.

Yarborough, Yarborough & Johnson, Don B. Hinds, Dallas, for appellant.

Strasburger, Price, Kelton, Miller & Martin, Fred K. Newberry, Royal H. Brin, Jr., Dallas, for appellee.

## OPINION

McDONALD, Chief Justice.

This is a compensation case. Plaintiff alleged total permanent loss of use of her left leg from an accident on August 1, 1964. Trial was to a jury which found:

1) Injury to plaintiff's leg on August 1, 1964 has resulted in loss of use of said left leg.

2) Such loss of use of plaintiff's left leg is total.

3) Such total loss of use of plaintiff's left leg is temporary.

4) Such total loss of use of plaintiff's left leg has continued or will continue for "2 days or 7 weeks."

5) The beginning date of such total loss of use of plaintiff's left leg was August 1, 1964.

6) Plaintiff will suffer partial loss of use of her left leg.

7) Such partial loss of use will be temporary.

8) Such partial loss of use of plaintiff's left leg has continued or will continue for "18 weeks 5 days."

9) The beginning date of such partial loss of use was September 22, 1964.

10) The percentage of such partial loss of use of plaintiff's left leg is 20%.

11) Plaintiff's loss of use of left leg was confined to left leg below the knee.

The trial court entered judgment for plaintiff for "$377.23 which represents 7 weeks and 2 days of accrued compensation for total disability of the left leg below the knee, beginning August 1, 1964 and 18 weeks and 5 days of 20% temporary partial disability of the left leg below the knee be-

ginning on September 22, 1964, and interest on past due installments * * *."

Plaintiff appeals, contending the jury's answer to Issue 4 finding: *"2 days or 7 weeks"* temporary loss of use, is so ambiguous and uncertain that a judgment cannot be predicated thereon. Plaintiff has brought forward no Statement of Facts.

In the absence of a Statement of Facts, it must be presumed on appeal that the evidence supports the findings and judgment of the trial court. Lane v. Fair Stores, 150 Tex. 566, 243 S.W.2d 683; First Nat. Life Ins. Co. v. Herring, CCA (n. w. h.), 318 S.W.2d 119; Ehrhardt v. Ehrhardt, CCA, Er.Ref., 368 S.W.2d 37.

Defendant's counsel on oral argument, however, conceded a mathematical error in computation of the judgment in the amount of $21.00.

The judgment is reformed to $398.23, and as reformed, is affirmed. Costs of appeal assessed against appellee.

Reformed and affirmed.