Victor NOVAK, Appellant,

v.

Andre DeWIED and A. DeWied Casing Company, Appellees.

No. 16049.

Court of Civil Appeals of Texas, San Antonio.

Nov. 1, 1978.

Rehearing Denied Dec. 6, 1978.

Earle Cobb, Jr., Cobb, Thurmond, Bain & Clark, San Antonio, for appellant.

Jack H. Kaufman, John T. Reynolds, Green & Kaufman, Inc., San Antonio, Jerome Janger, Allen, Fasman & Janger, Beverly Hills, Cal., for appellees.

MURRAY, Justice.

Victor Novak, appellant, brought this suit against Andre DeWied and A. DeWied Casing Company, appellees, for breach of a contract of employment, recovery of vacation pay and attorney's fees. At the conclusion of a trial to a jury, the court entered judgment on the verdict for appellant as to his claim for attorney's fees and recovery of vacation pay, but denied recovery under the terms of a written employee-shareholder agreement. From this judgment, appellant prosecutes this appeal.

Appellant prosecutes his appeal without a statement of facts, limiting his grounds of recovery under Rule 377(a), Tex.R.Civ.P., to construction of the agreement between the

shareholder-employees. Appellees contend that in the absence of a statement of facts none of the points of error presented by appellant may be considered.

Pursuant to the agreement, which appears in appellant's pleadings, should appellant's employment terminate for any reason, the company is obligated to purchase his stock. The nature of the termination sets the price. If appellant is discharged for cause or resigns, he is entitled to receive the price he paid for the stock. If appellant is terminated without cause or retires, he receives the then book value of the stock. By his pleadings, appellant claims he was terminated without cause on April 11, 1977; therefore, he was entitled to the book value of his stock. In their answer, appellees made a general denial, claimed that appellant voluntarily resigned, and denied that he was discharged.

The jury found that: (1) appellant did not voluntarily leave his employment; (2) appellees terminated the employment of appellant on April 11, 1977; (3) appellees had good cause for such termination; (4) on April 11, 1977, appellant and appellees entered into an oral agreement but that said oral agreement was mutually repudiated by the parties and appellees requested that appellant return to work; (5) the jury failed to find from a preponderance of the evidence that appellant's failure to return to work after April 11, 1977, was cause for appellees to terminate appellant's employment on or about May 11, 1977.

Appellant's first two points of error are to the effect that the trial court erred in failing to give appellant judgment for the book value of the stock because appellees pleaded that appellant voluntarily resigned and the jury found that appellant did not voluntarily resign.

Without a statement of facts, this Court may look only to the pleadings and findings of the jury to support the judgment rendered. *Scott v. Scott*, 116 S.W.2d 1163 (Tex.Civ.App.—Amarillo 1938, no writ). Under the specific terms of the agreement, appellant had the burden to obtain favorable jury findings that he did not resign

and he was terminated without cause. The general denial pleaded by appellees puts appellant on proof of every fact essential to his case, and issue is joined on all material facts asserted by appellant except those which are required to be denied under oath. *Boswell v. Handley*, 397 S.W.2d 213 (Tex. 1965); *Trevino v. American National Ins. Co.*, 140 Tex. 500, 168 S.W.2d 656 (1943). Under these circumstances, the special denial of appellees that appellant resigned is immaterial.

Appellant's contention that appellees did not make any attempt to terminate appellant for cause until May 11, 1977, is without merit. Appellant argues that the "no" answer of the jury to Question No. 4B establishes this fact. Special Issue 4B provides as follows:

Do you find from a preponderance of the evidence that Novak's failure to return to work after April 11, 1977, was cause and justification for DeWied Casing Company to terminate Novak's employment on or about May 11, 1977?

Answer "Yes" or "No".

We, the jury, answer <u>NO</u>.

The answer to this issue does no more than establish that appellees failed to prove, by a preponderance of the evidence, that appellant's failure to return to work after April 11, 1977, was cause for termination. *Roegelein Provision Co. v. Mayen*, 566 S.W.2d 1 (Tex.Civ.App.—San Antonio 1978, writ ref'd n. r. e.). The jury's having found that appellees had cause to terminate appellant on April 11, 1977, Issue No. 4B becomes immaterial. Appellant's first two points of error are overruled.

Appellant next complains of the action of the trial court in failing to give him judgment for $80,000 under the agreement in the event termination for cause was shown. This contention is without merit.

Appellant pleaded that the agreement was breached by not paying him the book value of his stock. He did not plead for recovery of the purchase price of the stock; nor did he request issues be submitted to the jury on this theory of recov-

ery; nor was any such request made in his motion for judgment to the trial court. There being no statement of facts in the record, the question raised cannot be reviewed because an examination of such would be necessary in order to rule upon this point. *Central Surety & Insurance Corp. v. French*, 72 S.W.2d 699 (Tex.Civ. App.—San Antonio 1934, writ dism'd). In the absence of a statement of facts, it is presumed that the evidence supported the judgment of the trial court. *Schweizer v. Adcock*, 145 Tex. 64, 194 S.W.2d 549 (1946).

■ Appellant next complains of the action of this Court in refusing his motion for an extension of time for filing a statement of facts. We overrule this point.

Appellant perfected his appeal to this Court pursuant to a statement of the points of error under Rule 377(a) of the Texas Rules of Civil Procedure and stated that these points could be decided without a statement of facts. Appellant's motion for extension of time to file a statement of facts states that no statement of facts is necessary for this Court to rule upon his points of error. The request is made solely to allow him to add points of error in the event he loses his present appeal. Appellant may not amend the statement of facts in order to bring up new points of error not listed in his Rule 377(a) statement. *King v. Cron*, 285 S.W.2d 833 (Tex.Civ.App.—San Antonio 1955, writ ref'd n. r. e.), cert. denied, 352 U.S. 843, 77 S.Ct. 67, 1 L.Ed.2d 59 (1956).

The other points raised by appellant have been considered by this court and are without merit.

Appellees, by two cross-points of error, argue that the trial court erred in rendering judgment for plaintiff for cash payments in lieu of accrued vacation time and for attorney's fees. We disagree.

■ Appellees' argument is based on the fact that there is no jury finding that appellant had a contract with the company entitling him to accrued vacation time or to salary in lieu of any accrued vacation. In the absence of a statement of facts, there is a presumption that omitted special issues were established as a matter of law in support of the trial court's judgment. *Livezey v. Putnam Supply Co.*, 30 S.W.2d 902 (Tex.Civ.App.—Eastland 1930, writ ref'd); *T. A. Manning and Sons, Inc. v. Ken-Tex Oil Corp.*, 418 S.W.2d 324 (Tex.Civ.App.—Austin 1967, writ ref'd n. r. e.). In *T. A. Manning and Sons, Inc.*, a case very similar to the present one, the court said, at page 327:

We cannot agree with appellants here. Rule 279, T.R.C.P. reads, in part, as follows: 'Upon appeal all independent grounds of recovery or of defense not conclusively established under the evidence and upon which no issue is given or requested shall be deemed as waived; * * *.' Irrespective of the fact that no issue was given or requested upon independent grounds or recovery against appellants Lelia H. Owens and T. A. Manning & Sons, Inc., appellants must show the court that such grounds of recovery, alleged in appellees' pleadings, were not conclusively established by the evidence. Appellants cannot do this because there is no statement of facts filed herein. *Straffus v. Barclay*, 147 Tex. 600, 219 S.W.2d 65; Tex.Civ.App., 214 S.W.2d 826 (1948); *Continental National Bank of Fort Worth v. Conner*, 147 Tex. 218, 214 S.W.2d 928 (1948). While a judgment, in the absence of the evidence upon which it was rendered, will be sustained by presumption, it will never be rendered invalid by presumption. *Schweizer v. Adcock*, 145 Tex. 64, 194 S.W.2d 549 (1946).

The judgment of the trial court is affirmed.