**CONNELL RENT–A–CAR, INC.,**
**Appellant,**

v.

**CITY OF AUSTIN, Appellee.**

No. 13208.

Court of Civil Appeals of Texas, Austin.

Nov. 26, 1980.

Timothy Rudolph, Piperi & Roberts, Killeen, for appellant.

Jerry L. Harris, City Atty., Ernest A. Simon, Asst. City Atty., Austin, for appellee.

PHILLIPS, Chief Justice.

This is a suit for taxes brought by the City in the justice court against appellant for the sum of $160.77. The City prevailed

in that forum and appellant appealed to the county court at law. After a trial *de novo*, the City was again awarded judgment.

We affirm.

In its petition, the City sought delinquent *ad valorem* taxes on a 1976 Chevrolet for the years 1976 and 1977. It alleged that the car "was owned by Defendant and said property was situated for tax purposes within the Corporate Limits of the City of Austin and/or within Austin Independent School District on 1 January for each year for which taxes are sought ..." In fact, the car was leased to a business located in Austin.

Appellant has a single point of error which challenges the judgment as against the great weight and preponderance of the evidence.

■ The rule with respect to the taxable *situs* of tangible personal property is that such property is taxable where it is more or less permanently located, unless there is a statute to the contrary. It is therefore taxable at the domicile of the owner if it is more or less permanently located there, or if it is more or less *constantly on the move* elsewhere in the state. It acquires a tax *situs* at a place other than the owner's domicile if it is more or less permanently located at such place. *City of Dallas v. Overton*, 363 S.W.2d 821 (Tex.Civ.App.1962, writ ref'd n. r. e.).

■ Appellee has pleaded a *prima facie* case for recovery, and inasmuch as the record before us contains no statement of facts, it will be presumed by us that the evidence was sufficient to support the judgment rendered. *Schweizer v. Adcock*, 145 Tex. 64, 194 S.W.2d 549 (1946); *Lane v. Fair Stores*, 150 Tex. 566, 243 S.W.2d 683 (1951).

This should decide the case; however, the transcript contains a stipulation, signed by the attorneys of both parties stating that the owner of the car is located in Bell County as is his place of business; the property is serviced in Bell County; all lease payments are made in Bell County and all papers relating to the business records are kept in Bell County. This is not an agreed case, Tex.R.Civ.P. 263, however, and there is nothing to preclude other evidentiary facts having been introduced at trial and considered by the court.

There is some question as to whether we can consider this stipulation as part of the record before us. However, we need not decide this point. Suffice to say that if the stipulation is before us, appellee City would still prevail, as nothing in the stipulation would preclude the presumed facts from proving that the car in question is more or less permanently located in Austin for tax purposes.

The judgment of the trial court is affirmed.

Affirmed.